(92 South. 101)

### WADE v. STATE.   (6 Div. 516.)

(Supreme Court of Alabama.   Nov. 3, 1921.
Rehearing Denied Nov. 24, 1921.)

**1. Criminal law ⬅635—Attendance at trial cannot be limited to interested parties except in cases stated in Constitution.**

Under Const. 1901, § 6, guaranteeing a right to public trial, and section 169, providing that in prosecutions for rape and assault with intent to ravish the court may exclude from the courtroom all persons not necessary in the conduct of the trial, the Legislature and the courts cannot make exceptions to the constitutional right in other cases, regardless of the propriety of excluding the general public because of the nature of the evidence to be received, so that, in a prosecution for mayhem, it was error to exclude from the courtroom all persons except officers of the court and interested parties and their relatives.

**2. Constitutional law ⬅15—Effect should be given to every part and every word of the Constitution.**

If possible, effect should be given to every part and every word in the Constitution, unless there is some clear reason to the contrary, so that the court should, as a general rule, avoid a construction which renders any provisions meaningless or inoperative.

**3. Criminal law ⬅635—"Public trial" means one where public generally is admitted.**

Within Const. 1901, § 6, guaranteeing to accused a public trial, public trial means one where the courthouse is open to practically any one who may wish to attend, and does not include one where the public is so generally excluded as to confine the attendance to those engaged or interested in the trial and their relatives, though the court can, in some instances, exclude portions of the public, such as children of tender age, or those whose presence would overcrowd the room.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Trial.]

**4. Criminal law ⬅635—Provision in Civil Code cannot authorize exclusion of public from criminal trial.**

The provision of Code 1907, § 4019, authorizing the court to exclude from the room, when the evidence will be obscene, all or any portion of the audience whose presence is not necessary, doubtless applies only to civil trials, since it is contained in the Civil Code, and, if intended to apply to trials for criminal offenses, would be invalid as violating the right to public trial guaranteed by Const. 1901, § 6.

**5. Criminal law ⬅660—Right to public trial in felony cases not waived by failure to object to exclusion of public.**

The constitutional right of accused to a public trial is not waived in a prosecution for felony, any more than his other constitutional rights are waived, by his failure to make objection at the time the public is excluded.

Sayre and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Application by Charley Wade, for certiorari to Court of Appeals to review and revise the judgment of said court affirming the appeal of Charley Wade v. State of Alabama, 18 Ala. App. 322, 92 South. 97. Writ granted, and the cause reversed and remanded to the Court of Appeals.

For opinion on further application for certiorari, see post, p. 241, 92 South. 104.

The trial court denied the presence of all parties in the courtroom during the trial or during the taking of the testimony, except those who are related and those who are officers of the court, either as attorneys or officers, whose duty it may be to come in during the course of the trial.

Beddow & Oberdorfer, Roderick Beddow, and B. F. Ray, all of Birmingham, for appellant.

Prisoner was denied a public trial, as defined by section 6 of the Constitution 1901.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Rule, 47 Fed. 394; 89 Mich. 276, 50 N. W. 995, 28 Am. St. Rep. 302; 103 Cal. 342, 37 Pac. 406; 75 Ohio St. 255, 79 N. E. 462, 9 L. R. A. (N. S.) 277, 116 Am. St. Rep. 734, 9 Ann. Cas. 108; 8 R. C. L. 76; 52 Mont. 205, 156 Pac. 1080, L. R. A. 1916E, 472, Ann. Cas. 1917E, 619; 54 Or. 289, 103 Pac. 62, 20 Ann. Cas. 627; 68 Minn. 381, 71 N. W. 401, 38 L. R. A. 672, 64 Am. St. Rep. 482. The defendant need not have objected, and is not required to show injury. 75 Ohio St. 255, 79 N. E. 462, 9 L. R. A. (N. S.) 277, 116 Am. St. Rep. 734, 9 Ann. Cas. 108; 47 Ala. 659, and authorities supra. Section 169 of the Constitution does not authorize the proceedings in this case. 6 R. C. L. 48, 49; 12 C. J. 699; 154 Ala. 249, 46 South. 268; 12 Wheat. 419, 6 L. Ed. 678; 145 Ala. 385, 40 South. 293; 71 Ala. 73; 19 How. 393, 15 L. Ed. 691; 149 Ky. 847, 150 S. W. 14. Section 1409 of the Code of 1901 is unconstitutional, if it is to be applied to criminal cases. 6 R. C. L. 40; 71 N. W. 491; 5 Ga. App. 59, 62 S. E. 651; 8 R. C. L. 76. The court had no power to exclude the public. 116 U. S. 616, 6 Sup. Ct 524, 29 L. Ed. 746; 205 Ala. 386, 87 South. 375; Block v. Hirsh, 256 U. S. 135, 41 Sup. Ct. 458, 65 L. Ed. 865, 16 A. L. R. 165. There is no such thing as an implied waiver. Authorities supra.

Harwell G. Davis, Atty. Gen., for the State.

The Court of Appeals found as a fact that defendant had waived a public trial, and this court will not review that finding. 195 Ala. 420, 71 South. 91; 184 Ala. 9, 63 South. 990; 181 Ala. 4, 61 South. 53. The motion for new trial was filed after the appeal was taken, and could not raise or present questions not raised in the trial court. 105 Ala. 200, 16 South. 693; 203 Ala. 205, 82 South. 455. A defendant may waive his right to a public trial. 16 C. J. 808; 8 R. C. L. 77; 146 Ala. 149, 41 South. 301; 33 Ala. 354; 45 Ala. 21; 193 Ala. 69, 69 South. 10.

ANDERSON, C. J. [1] Section 6 of the Constitution of Alabama is practically taken from the Constitution of the United States, and among other things provides "that * * * in all prosecutions by indictment" the accused has a right to "a speedy public trial by an impartial jury of the county or district in which the offense was committed." As to the right of the trial court to exclude certain spectators during the trial or all persons other than those actually engaged or interested in the trial, the courts are divided. Some hold that this constitutional guaranty is violated by an exclusion of any part of the public; others that for good cause the trial court can exclude certain persons or a portion of the public, and that the trial would still be a public one within the meaning of this constitutional provision so long as the attendants were not confined to those engaged or interested in the trial and the relatives of the parties. There is still another line of cases which seem to indicate that trial courts may brush aside or subordinate this constitutional provision to what they may deem is demanded by the rules of society and decency, and may exclude all spectators or persons other than those engaged or interested in the trial. For cases on this subject, see 16 C. J. p. 807, § 2052 and notes; State v. Nyhus, 19 N. D. 326, 124 N. W. 71, 27 L. R. A. (N. S.) 487, and note. Whatever may be the rule in other states, the framers of our present Constitution regarded section 6 as mandatory, and as preventing the general exclusion of court attendants and spectators by changing the rule in a few instances by inserting section 169, which says:

"In all prosecutions for rape and assault with intent to ravish, the court may, in its discretion, exclude from the courtroom all persons, except such as may be necessary in the conduct of the trial."

To hold that the trial court could exclude the public generally in cases not mentioned in section 169 of the Constitution would, in effect, emasculate said section, and convict the framers of our present Constitution of a vain and useless act in the insertion and adoption of said section.

[2] It is an elementary rule that, if possible, effect should be given to every part and every word in Constitutions, as well as statutes, unless there is some clear reason to the contrary; and no portion of the fundamental law should be treated as superfluous. Hence, as a general rule, the court should avoid a construction which renders provisions meaningless or inoperative. 6 R. C. L. p. 48; 12 C. J. 699; State v. Skeggs, 154 Ala. 249, 46 South. 268; Hawkins v. L. & N., 145 Ala. 385, 40 South. 293; Ex parte Dunlap, 71 Ala. 73. It is therefore manifest that section 6 guarantees the accused, under all prosecutions by indictment, a "public" trial, except as to cases expressly reserved from the influence of that section by section 169, and which said last section does not include the present charge.

[3] We also hold that the words "public trial" mean trials as usually and generally conducted, where the courthouse is open to practically any one who may wish to attend, and do not mean one where the public is so generally excluded as to confine the attendants to those engaged and interested in the trial and the relatives of the parties. We, of course, do not wish to go to the extent of some of the courts by intimating that in no instance could the trial court exclude or restrict portions of the crowd. For instance, children of tender age, or where the courthouse is crowded, an order could no doubt be made keeping the crowd within reason-

able bounds by excluding some or forbidding the entrance of others; as this could be done and still sufficient attendants or spectators be present to render the trial a public one within the requirement of section 6 of the Constitution; but not upon the theory, as expressed in the opinion of the Court of Appeals and certain cases there cited, that this constitutional provision should yield to the rules of society, decency, and propriety. The exclusion in the case at bar prevented the trial from being such a public one as is contemplated by section 6, and deprived the accused of a constitutional right thereby guaranteed.

[4] The case of Jackson v. Mobley, 157 Ala. 408, 47 South. 590, while not in point, contains a clear enunciation of the rule to which we must adhere in the present case, that all criminal proceedings should be open and public except when otherwise provided by law. Nor can the action of the trial court and the holding of the Court of Appeals find justification under section 4019 of the Code of 1907. This section appears in the Civil Code, and applies, doubtless, only to civil cases; but, if it includes criminal cases also, it must be so construed as to render it harmonious to section 6 of the Constitution, and as including only prosecutions not thereby covered or expressly excluded by section 169 of the Constitution.

While the affirmance of the trial court is not rested upon a waiver by the defendant to raise this question upon appeal, the Court of Appeals does state that the defendant did not object or except to the order of the trial court, and urges the question for the first time on appeal. The statement of the Court of Appeals that the defendant did not object or except to the order of exclusion at the time it was made is correct; but the record discloses that this question was presented and raised in the lower court by a motion for new trial.

[5] We do not think that the defendant had to object at the trial to the denial to him of this constitutional right, which affirmatively appears upon the record sent to the Court of Appeals—no more so than if the record disclosed that he had been deprived of other guaranties under section 6 of the Constitution—as he was charged with and convicted of a felony, and it is questionable whether or not he could have expressly waived these rights, to say nothing of an implied waiver. Hopt v. Utah, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262; Ohio v. Hensley, 75 Ohio St. 255, 79 N. E. 462, 9 L. R. A. (N. S.) 277, 116 Am. St. Rep. 734, 9 Ann. Cas. 108; Williams v. State, 47 Ala. 659; Bell v. State, 44 Ala. 393; Kilgore v. State, 124 Ala. 24, 27 South. 4; Bankhead v. State, 124 Ala. 14, 26 South. 979.

It results from this holding that the opinion of the Court of Appeals is unsound, as well as the case of Clemons v. State, 17 Ala. App. 533, 86 South. 177, cited and relied upon in the instant case, and that this court improperly denied the certiorari in said Clemmons Case, as appears from a memorandum opinion in 204 Ala. 697, 86 South. 926.

The case of Lide v. State, 133 Ala. 43, 31 South. 953, is not in conflict with the present holding. In the first place, section 6 of the Constitution does not seem to have been pressed or argued in brief of counsel, or considered by the court; but, if it had been, the exclusion of the crowd, owing to the misbehavior of some of them, did not prevent the trial from being a public one, as the record discloses that a good part of the audience remained in the galleries and others were admitted to the courtroom after said exclusion by the trial judge. This case simply holds that the action of the trial court was justifiable, and that the defendant was not deprived of a public trial; that the court had the right to maintain order and to exclude the offending spectators if need be, just as we would now hold; but did not hold that the exclusion of everyone other than the parties interested and engaged in the trial, for no cause other than the character of the charge, was a public trial within the contemplation of section 6 of the Constitution.

The writ of certiorari is awarded; the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for the further disposition of the case in conformity with this opinion.

Writ awarded; reversed and remanded.

McCLELLAN, SOMERVILLE, THOMAS, and MILLER, JJ., concur in the opinion and conclusion.

SAYRE, J., agrees with the treatment of the constitutional question and, therefore, that the trial court erred in the order of exclusion, but thinks that the writ should be denied because of a failure of the defendant to object and except to the order when made, and dissents.

GARDNER, J., agrees with SAYRE, J., that the point was waived, and that the writ should be denied upon that ground, and dissents, and thinks it unnecessary to decide the constitutional question.

### On Rehearing.

ANDERSON, C. J. Counsel for movant seem to attach considerable importance to the allusion in the opinion to the fact that this point was raised by a motion for new trial, and that, as the Court of Appeals had stated that it was waived, we are reviewing said court upon a finding of fact. A careful consideration of the opinion will disclose

that the allusion to the new trial was merely to give accuracy to the entire record. The question was raised by a motion for new trial, and not for the first time in the Court of Appeals. Whether in time or manner as to put the trial court in error for refusing to grant the motion, or whether or not it could be invoked upon a motion for new trial, not having been objected to before hand, we do not and need not decide, as an examination of the opinion will disclose that this court had held that this constitutional provision was not and could not have been waived; that it was like unto the right to trial by a jury in felony cases, and was unlike other questions and rights which could be waived. Again, the Court of Appeals did not base its conclusion upon a waiver, but upon the theory that the trial court had the right to exclude the crowd regardless of sections 6 and 169 of the Constitution, relying upon its Clemmons Case, which had been, in effect, approved by this court by a denial of the writ of certiorari. We did hold, however, and now hold, that the failure of the defendant to object to the action of the court in excluding the crowd was not a waiver of his constitutional right to a public trial. We think the Court of Appeals was wrong in the Clemmons Case, and that this court erred in approving it; and this opinion is intended to correct its own as well as the error of the Court of Appeals.

Application for rehearing overruled.

McCLELLAN, SOMERVILLE, THOMAS, and MILLER, JJ., concur.

SAYRE and GARDNER, JJ., dissent.