(93 South. 274)

### STEWART v. STATE. (4 Div. 796.)

(Court of Appeals of Alabama. June 30, 1922.)

1. Criminal law ☞635, 660—Exclusion of public from courtroom in seduction prosecution held error not waived by failure to object.

Seduction not being excepted by Const. 1901, § 169, from the provisions of section 6, providing that in all prosecutions by indictment accused shall have a speedy public trial, it was reversible error, in a prosecution for seduction, to exclude the public from the courtroom, and failure of accused to object was not a waiver thereof.

2. Seduction ☞37—Averment and proof that prosecutrix was unmarried woman essential.

In the absence of averment and proof that prosecutrix in a seduction case was an unmarried woman, a conviction cannot be sustained.

Appeal from Circuit Court, Pike County; W. L. Longshore, Judge.

---

Fred Stewart was convicted of seduction, and he appeals. Reversed and remanded.

W. E. Griffin, of Troy, for appellant.

Counsel discuss the errors assigned, with citation of authority, but, in view of the opinion, it is not deemed here necessary to. set them out, except in so far as they refer to the question decided. On that point counsel cites section 6, Const. 1901.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This defendant was charged by indictment with the offense of seduction.

On October 31, 1921, the case was called for trial, both sides announced ready, whereupon before proceeding further the court ex mero motu ordered the courtroom cleared, and announced that no one would be allowed in the courtroom, during the trial, except those necessary to the trial of the case, and the public was accordingly excluded from the courtroom during the whole trial.

Section 6, Constitution 1901, provides, among other things, that in all prosecutions by indictment the accused shall have "a speedy, public trial," etc. The only exception to this provision is found in section 169 of the Constitution of 1901, wherein it is provided that in all criminal prosecutions for rape and assault with intent to ravish, the court may in its discretion, exclude from the courtroom all persons, except such as may be necessary in the conduct of the trial.

[1] The Constitution provides therefore that in all prosecutions by indictment except for rape, and assault with intent to ravish, the trial of the accused must be public; and in prosecutions for these excepted offenses the trial must be public, except in such cases as in the discretion of the court all persons shall be excluded except such as may be necessary in the conduct of the trial. It follows that the court committed error by the order denying the accused a public trial in this case, as the crime for which he was on trial was seduction, and such a charge is not within the limited and exclusive exceptions provided in section 169 of the Constitution of 1901; and it has been expressly held that the failure of the accused to object to such order at the time or during the trial did not and could not operate as a waiver by him of the error resulting from a denial of right of a public trial assured by the Constitution. Charlie Wade v. State (Ala. Sup.) 92 South. 101 [1] (opinion rendered November 3, 1921).

See, also, Ex parte Charlie Wade; In re Wade v.. State, 207 Ala. 241, 92 South. 104 (opinion rendered February 25, 1922).

The case of Charlie Wade v. State, supra, was submitted in this court; the accused having been charged with and convicted of the offense of mayhem. This court in an opinion rendered June 30, 1921, 92 South. 97,[2] a further opinion rendered December 20, 1921, 92 South. 97,[2] affirmed the judgment of conviction on the theory that the accused had not been denied the constitutional right of a public trial, and that the facts contained in the record disclosed that a public trial was actually accorded him. The Supreme Court in the cases supra did not accord to the views and decision of this court, and on application for writ of certiorari the writ was granted, and the judgment of this court was reversed.

In the case at bar, however, no division of opinion can exist as to whether or not the trial was a public trial, as it affirmatively appears to the contrary; the record disclosing the fact that the unauthorized order of the court was made and entered, and that the public were excluded from the courtroom, and those only were present during the trial who were necessary to the proceeding of the trial of the case. This action of the court necessitates a reversal of the judgment appealed from, and that the cause be remanded.

Many questions are raised on this appeal, but we are of the opinion that it would serve no good purpose to discuss them here, as the cause must necessarily be remanded for another trial. Some, in fact several, of these questions will not in all probability arise upon another trial of this case. This is true as to the ruling of the court in requiring the accused to again strike a jury, after having already selected one jury to try the case.

[2] One of the material averments of the indictment, in fact a constituent element of the offense, is that the prosecutrix, Robbie Lee, was an unmarried woman. There is no evidence in the record to sustain this necessary averment, and in the absence of such proof a conviction for seduction cannot be permitted to stand. In all probability, however, upon another trial this proof, if it be a fact, will be made. If no such testimony is offered and no facts from which it may be inferred are proven upon another trial, the defendant will be entitled to. his discharge.

For the error pointed out the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

---

[1] 207 Ala. 1.

[2] Ante, p. 322.