159 So. 94

## RUFF v. STATE.
### 7 Div. 230.

Supreme Court of Alabama.
Jan. 31, 1935.

A. L. Crumpton and C. W. McKay, both of Ashland, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

THOMAS, Justice.

The appellant was tried in the circuit court upon an indictment charging him with the offense of murder in the first degree.

The defendant, being duly arraigned, had counsel assigned, and pleaded guilty as charged in the indictment. The required orders for venire and service of copies thereof and indictment on defendant were made, and the date for his trial on his plea and under the evidence was duly fixed. On the trial, no question arose or was presented as to venire or on the introduction of evidence; and the evidence shows without dispute the guilt of the defendant of murder in the first degree as charged.

The trial resulted in a verdict of guilty of murder in the first degree; the bill of exceptions reciting:

"The jury returned a verdict finding the defendant guilty, which verdict is as follows: 'We, the jury, find the defendant guilty of murder in first degree and fix his "penalty as" death by electrocution.'

"Whereupon, when the verdict was read by the Court, the court stated to the jury that possibly the verdict was not in the exact form according to the instruction of the Court, in that the word 'penalty' had been used instead of the word 'punishment' and the word 'as' instead of the word 'at' in their verdict.

"Whereupon the Court instructed the jury to retire and write a verdict according to the instruction of the Court in his oral charge.

"Whereupon, Mr. Crumpton, defendant's counsel, objected to the jury retiring to the jury room and making any change in the verdict since the verdict had been read in the presence of the defendant.

"Whereupon, the Court then stated, that since defendant's counsel objected to any further writing of a verdict that said verdict was accepted as same was written, and thereupon the Court discharged the jury."

The motion for a new trial challenged the sufficiency of the verdict and the action of the court in pronouncing judgment thereon.

We have carefully considered the entire record in the cause, and it affirmatively shows the organization of the court, the trial, conviction and sentence of the defendant, and judgment rendered, which are in all respects regular. No errors appear on the record proper; and the bill of exceptions shows the guilt of the defendant as charged and found by the verdict of the jury; and no reversible error intervened on the trial as disclosed by the bill of exceptions.

The verdict rendered is clear and unambiguous, and expresses the finding of the jury (sections 4457–4458, Code), on which the judgment of the court, under the law, was accordingly pronounced and entered. The use of the words in the verdict, "fix the *penalty as death*," was sufficient, and met the requirements of the statute for a verdict finding that degree of murder and fixing the punishment. (Italics supplied.)

In Ezell v. State, 103 Ala. 8, 15 So. 818, the verdict employing the words, "fix the penalty death," was held sufficient complete, definite, and legal; and there was no room to doubt the meaning and intention of the jury.

In Durrett v. State, 133 Ala. 119, 32 So. 234, 235, the verdict, "We the *juror* find the defendant guilty of murder in the first degree, and shall suffer death," although not in proper form, was held sufficient to support the judgment.

Other cases of verdicts not in proper form, yet held sufficient to support the judgment of the court, are Robinson v. State, 54 Ala. 86; Lewis v. State, 51 Ala. 1; Bramlett v. State, 31 Ala. 376; Harrall v. State, 26 Ala. 52; Noles v. State, 26 Ala. 31, 62 Am. Dec. 711; Noles v. State, 24 Ala. 672, 694.

It follows, therefore, that the judgment and sentence of the circuit court will be, and are

hereby, affirmed. The day fixed by the trial court for the execution of the death sentence having passed, it is the order and judgment of this court that Friday, the 22d day of March, 1935, be, and is hereby, fixed as the day and date for the execution of such sentence in all respects as required by law and the orders of the trial court.

Affirmed.

All the Justices concur.