167 So. 553

## HULL v. STATE.

### 3 Div. 154.

Supreme Court of Alabama.

Jan. 30, 1936.

Rehearing Granted March 12, 1936.

Rehearing Denied April 30, 1936.

282

Luther Patrick, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Wm. H. Loeb, Asst. Attys. Gen., for the State.

THOMAS, Justice.

Appellant was indicted for carnal knowledge of, or abuse in the attempt to carnally know, a girl under twelve years of age.

There was a jury and a verdict of guilty, as charged in the indictment, and punishment fixed at death.

The evidence tended to show that on several occasions defendant attempted to complete the act in question with the girl mentioned in the indictment, and that she was about nine years of age. The evidence for the state further showed that defendant induced said child to engage in such practices with him by giving her presents and showing her lewd pictures, with the aid of which he overcame the child's inherent distrust and acceded to his advances. It is further shown that appellant was infected with a venereal disease, and that he so infected the child. The evidence of the physician making the examination indicated such abuse and infection. Such evidence was competent as tending to show the corpus delicti. Williams v. State, 224 Ala. 6, 138 So. 291; Malloy v. State, 209 Ala. 219, 96 So. 57.

The mother, being so informed of the infection and abuse, preferred charges against the defendant.

The appellant defendant denied the charges; testified that he and the child's mother were carrying on a clandestine affair and she became jealous of another woman and preferred such serious charges against him. Under this conflict of evidence, the question of guilt vel non was for the jury. McMillan v. Aiken et al., 205 Ala. 35, 40, 88 So. 135.

The motion for a new trial, presented as a part of the record proper, is not included in the bill of exceptions, and will not be considered. Dukes v. State, 210 Ala. 442, 98 So. 368; Richards, Ex'x, v. Williams, 231 Ala. 450, 165 So. 820.

The motion for continuance is addressed to the sound discretion of the trial court. It is not obvious that there was palpable abuse of the trial court's discretion. There was no showing as to the absent witness, as to the nature and materiality of the evidence to be given by such witness, and the denial of the motion for continuance on this ground will not be reversed. Hudson v. State, 217 Ala. 479, 116 So. 800; D. S. Pate Lumber Co. v. Davis et al., 215 Ala. 547, 112 So. 124; Knowles v. Blue, 209 Ala. 27, 95 So. 481.

We have examined the bill of exceptions carefully, and find no reversible error intervened on the trial as to the question by the jury to the court as to evidence of the witness Mosley, and the reading to the jury of such evidence so requested. It is

not shown by such action that anything occurred affecting the substantial rights of the defendant, who was represented by counsel, who acceded to the request that such portion of Mosley's testimony be read to the jury.

There was no invasion of the defendant's constitutional rights in the exclusion, by order of the court, of all persons from the courtroom and trial, except the court officials. Section 169, Constitution; section 7733, Code; Wade v. State, 207 Ala. 1, 92 So. 101; Stewart v. State, 18 Ala.App. 622, 93 So. 274; 52 C.J. 1020.

The verdict of the jury was sufficiently definite on which to enter and pronounce the judgment of the law. Ruff v. State, 229 Ala. 649, 159 So. 94.

The date fixed for the execution of the sentence of the law having passed, it is ordered and adjudged that Friday, the 27th day of March, 1936, be and the same is fixed as the date upon which the sentence will be executed as provided by law.

Affirmed.

All the Justices concur, except ANDERSON, C. J., not sitting.

On Rehearing.

PER CURIAM.

 In the case of Wade v. State, 207 Ala. 1, 92 So. 101, we held that under section 6 of the Constitution the defendant was entitled to a speedy public trial and the trial court erred in excluding every one from the courtroom except the officials. We also held that the only exception was as to cases expressly named in section 169 of the Constitution, to wit, "rape and assault with intent to ravish."

This defendant was indicted and tried under section 5410 for having "carnal knowledge of any girl under twelve years of age." It may be true that this may be a kindred offense with rape, but this court in the case of Toulet v. State, 100 Ala. 72, 14 So. 403, held that the offense here involved did not constitute rape and we must assume that the framers of the Constitution of 1901, when adopting section 169 had full knowledge with the holding in the Toulet Case, supra, and did not intend thereby to include any offenses save "rape and assault with intent to ravish."

Decency and propriety may suggest the same reason for excluding the crowd in trials of this character, but we feel foreclosed by the Toulet Case, supra, from including this offense in section 169 of the Constitution.

Rehearing granted, judgment of affirmance set aside, and reversed and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, and BROWN, JJ., concur.

THOMAS, FOSTER, and KNIGHT, JJ., dissent on rehearing.