126 So.2d 497

### Orval M. REYNOLDS

v.

### STATE.

### 5 Div. 584.

Court of Appeals of Alabama.
Jan. 24, 1961.

Radney & Lonergan, Alexander City, for appellant.

MacDonald Gallion, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty on a charge of indecent molestation of a child under sixteen years of age as denounced by Act No. 397, Acts of Alabama 1955, page 932 (Sec. 326(2), Tit. 14, Code of Alabama 1940, Pocket Part).

The record shows that "the jury having been selected and sworn, children under eighteen have been excluded from the courtroom by the court,—the witnesses were sworn and placed under the rule.

"Mr. Radney: Your Honor, we would like for the record to reflect that the judge had all children under the age of eighteen excluded from the courtroom, and we expressly object to that ruling and reserve an exception thereto.

"The Court: You have your exception. The Court doesn't feel like this testimony would be good for children of eighteen years or less. You have your exception."

Article I, Sec. 6, Constitution of Alabama, 1901, provides that "in all criminal prosecutions, the accused has a right to * * * a speedy, public trial." This provision is of course a fundamental constitutional right found in substance in the constitutions of every state and in the Federal constitution.

In our State the right to a public trial is absolute except as limited by Article 6, Sec. 169, Constitution of Alabama 1901. This Article provides that "in all prosecutions for rape and assault with intent to ravish, the court may, in its discretion, exclude from the courtroom all persons, except such as may be necessary in the conduct of the trial."

So careful have our courts been in seeing that the constitutional privilege of a public trial is protected and kept intact that they have held that Sec. 169, supra, must be limited exclusively to rape, and assault with intent to ravish, and cannot be extended to other offenses even though kindred in the aspect of sexuality, and it has been held error to exclude the public from trials involving carnal knowledge, seduction, and mayhem by castration. See Hull v. State, 232 Ala. 281, 167 So. 553; Stewart v. State, 18 Ala.App. 622, 93 So. 274; Wade v. State, 207 Ala. 1, 92 So. 101.

In ex parte Wade, 207 Ala. 241, 92 So. 104, 105, we find the court saying:

"Given the right to a 'public trial,' it is violated if the judicial authority is exerted in any wise to its denial."

The Attorney General in his brief relies upon the following statement to be found

in the first Wade case supra, 207 Ala. 1, 92 So. 101, 102:

"We also hold that the words 'public trial' mean trials as usually and generally conducted, where the courthouse is open to practically any one who may wish to attend, and do not mean one where the public is so generally excluded as to confine the attendants to those engaged and interested in the trial and the relatives of the parties. We, of course, do not wish to go to the extent of some of the courts by intimating that in no instance could the trial court exclude or restrict portions of the crowd. *For instance, children of tender age,* or where the courthouse is crowded, an order could no doubt be made keeping the crowd within reasonable bounds by excluding some or forbidding the entrance of others; as this could be done and still sufficient attendants or spectators be present to render the trial a public one within the requirement of section 6 of the Constitution; but not upon the theory, as expressed in the opinion of the Court of Appeals and certain cases there cited, that this constitutional provision should yield to the rules of society, decency, and propriety." (Italics ours.)

Even so, we do not think that the exclusion of "children of tender age" can be deemed to include persons of the ages excluded from the trial by the court below, that is, "children of eighteen years or less." Persons of eighteen years of age can hardly be deemed children of "tender age." Males of that age are subject to military service. In some states persons of that age can vote. In this State a female of eighteen years of age may marry without her parent's consent. In Paulk and Fossil v. Lee, 31 Ga.App. 629, 121 S.E. 845, the Court of Appeals of Georgia held that in the absence of any evidence of want of ordinary capacity, a minor of more than fifteen years of age should not be treated as a child of "tender age." In Russell v. Russell, 20 Cal.App. 457, 129 P. 467, it was the view of the court that it could not be said that as a matter of law a child ten years old is a child of "tender age." In Com. ex rel. Skurat v. Gearhart, 178 Pa.Super. 245, 115 A.2d 395, 397, the court held that under the " 'tender years' doctrine" in child custody cases, a child may be of tender years until about the age of 14, but not necessarily so.

We think that the doctrine of the above case, as well as common understanding necessarily lead to the conclusion that the court's order went considerably beyond excluding children of "tender years."

 Constitutional provisions designed for the security of elementary constitutional rights of life, liberty, and property should be liberally construed in favor of the citizen. Randle v. Winona Coal Co., 206 Ala. 254, 89 So. 790, 19 A.L.R. 118. The right to a public trial encompasses an elementary constitutional right. The limitation imposed on the attendance of the public in the proceedings below necessitates a reversal of this judgment.

Reversed and remanded.