BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant-Defendant, an indigent below and here, was indicted for carnally know *70 ing, or abusing in an attempt to carnally know, a girl under twelve years of age. The jury, on defendant’s plea of not guilty, and not guilty by reason of insanity, found him guilty and fixed punishment at life imprisonment. The same appointed counsel represented defendant below and represents him here.
We do not think it necessary to parade in this opinion any of the brutal facts concerning the alleged attack. Suffice it to say, the evidence for defendant, including his own, was largely addressed to defendant’s plea of not guilty by reason of insanity. The State’s evidence tended to show that defendant committed the offense after picking the victim up in his automobile while she was on a sidewalk, and taking her to an isolated area. The controverted issue centered around defendant’s sanity vel non at the time, and when he made an alleged confession to the officers.
I
Be that as it may, one contention of error is the form and substance of the jury’s verdict, which reads:
“We the jury find the defendant guilty and fix punishment at life in the penitentiary.”
An asserted ground in defendant’s motion for a new trial, which was overruled, is that neither the verdict nor the judgment entry specified “What the defendant was found guilty of, and therefore void, as a matter of law . . . .”
We are not in accord with this insistence as here argued. Justice Brickell, speaking for the Supreme Court in Blount v. State, 49 Ala. 381(2), observed:
“The verdict was responsive to the issue, ascertained and declared the guilt of the appellants, and authorized the judgment rendered. That the words ‘as charged in the bill of indictment,’ or words of similar import, are not added to the finding of guilty, does not render the verdict incomplete. The law supplied them by referring the finding to the indictment, and the offence therein charged. State v. Jones, 5 Ala. 666.”
Likewise, this Court held in Baldwin v. State, 27 Ala.App. 259, 170 So. 349(2), that a verdict finding the defendant guilty and fixing his punishment at ten years imprisonment in the State penitentiary was amply definite.
II
It appears from the evidence that defendant, while under arrest and in custody, and after Miranda warnings were given by a police officer, so the officer testified, signed a voluntary confession of the alleged crime.
There was considerable testimony supporting the plea of insanity, which embraced that phase where an accused, although knowing right from wrong, is not legally responsible if mental disease destroys power to choose and alone causes crime. Boyle v. State, 229 Ala. 212, 154 So. 575.
We have held that the duty rests in the first instance on the trial court to determine whether a confession is voluntary. McNair v. State, 50 Ala.App. 465, 280 So.2d 171(4), cert. denied 291 Ala. 789, 280 So.2d 177; Wallace v. State, 290 Ala. 201, 275 So.2d 634.
We now hold that the Miranda rights, as appear in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 are so interwoven with and predicatory to admission in evidence of a confession that the trial court should have first determined that this defendant did knowingly and intelligently waive his right to remain silent. The interrogations conducted by the law enforcement officers, while defendant was under arrest, had the impact on him of continuous periods of questioning. In fact the questioning continued at intervals for a period of two days, during which time the defendant cried.
III
We further observe from the testimony of Officer Clifford L. King that after he gave defendant the Miranda warnings, the defendant said he wanted to talk with a *71 lawyer; that “We” called Lawyer Cameron, and defendant talked with him over the phone; that the defendant said the lawyer told him to tell the truth; that he (defendant) signed the rights form, and two days later signed the statement.
Thus, it appears that defendant expressed a desire for an attorney, but was accorded only the privilege of talking with one over the phone—about as satisfactory and protective as a lawyer striking a jury over the phone, or a doctor diagnosing a physical ailment over the phone.
At any rate, the officer, in further interrogating the defendant two days later, did not comply with the mandates of Miranda, which hold, and we quote:
“. . .If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent.” [384 U.S. 436, at page 474, 86 S.Ct. 1602, at page 1628, 16 L.Ed.2d 694, at page 723]
Under the circumstances, the trial court committed reversible error in admitting the confession in evidence over defendant’s objection. The trial court was informed in camera that defendant wanted an attorney and none was present when the confession was obtained. The confession should have been suppressed. We again note that defendant was an indigent.
IV
We also think the Court committed reversible error in granting the State’s motion to exclude the public from the courtroom during the trial of the case. The trial court assumed, and the defendant’s counsel expressed agreement, that he had the discretionary right to grant the motion. In so doing, the court denied defendant a public trial under our State and Federal Constitutions. Section 6, Constitution of Alabama (1901) provides that “in all criminal prosecutions, the accused has a right to . a speedy, public trial.”[1]
This provision has been construed in Reynolds v. State, 41 Ala.App. 202, 126 So.2d 497. This case has application to the instant exclusion. The defendant was denied his constitutional right to a public trial. The denial is not cured by the fact that the trial judge and counsel for defendant were mistaken in this conception that the law gave the court discretion to effect the exclusion.
The judgment is reversed and the cause remanded.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, July 7,1945, as amended; his opinion is hereby adopted as that of the Court.
We reverse and remand the judgment addendum.
REVERSED AND REMANDED.
CATES, P. J., and TYSON and HARRIS, JJ., concur.
DeCARLO, J., dissents.

. Former § 169, Constitution 1901, which authorized exclusion of the public from the court room in cases of rape and assault with intent to ravish is hence no longer in our constitution as a modification of § 6—public trials. Amendment 328 repealed all of Article VI of the Constitution 1901 and substituted §§ 6.01-6.21, inclusive for former Article VI (§§ 139-172) and Amendments 317 and 323.