Henry Lewis Swint was indicted and convicted for rape in the first degree. Alabama Code (1975), § 13A-6-61. He was sentenced as an habitual offender to life imprisonment without parole. Four issues are argued on appeal.
 I
The indictment charged that "Swint, and James Curtis Martin, . . . did engage in sexual intercourse with . . . [the prosecutrix], a female, by forcible compulsion." Swint argues that only one rape is charged and two persons cannot be guilty of a single joint rape. Clayton v. State, 244 Ala. 10, 12,13 So.2d 420 (1942). He also argues that the indictment is duplicitous because it charges two separate offenses.
The evidence shows that both Swint and Martin raped the prosecutrix as part of one plan and as part of a single transaction. The joinder of both defendants was proper under Rule 15.4 (a)(ii) and (iii), A.R.Cr.P.Temp., which provides that "(t)wo or more defendants may be charged in the same indictment, . . . (ii) when the several offenses are part of a common conspiracy, scheme, or plan; or (iii) when the several offenses are otherwise so closely connected that it would be difficult to separate the proof of one from the proof of the other."
Moreover, the motion to dismiss and quash the indictment challenging the legal sufficiency of the indictment was filed after arraignment and was late. Rule 16.3 (a)(1), A.R.Cr.P.Temp. This motion was filed more than seven days after arraignment and was therefore untimely under Rule 15.4 (f).
 II
The trial judge properly admitted Swint's statement to the police. The rapes occurred on the evening of June 7, 1983. Swint was arrested the next day and advised of his Miranda
rights. When asked if he wanted to talk, Swint responded that he "had nothing to say." He was transported to the police department and again informed of his constitutional rights. Because Swint could neither read nor write, a printed waiver of rights form was read to him three times and he "verbally acknowledged waiver every time."
When an accused invokes his right to counsel, no further interrogation is permitted until counsel is made available or until the accused "initiates further communication, exchanges or conversation with the police." Edwards v. Arizona,451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The present case does not involve the procedures to be followed if the person in custody asks to consult with a lawyer, since Swint made no such request at any time.
Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313
(1975), held that Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), does not "create a per se
proscription of indefinite duration upon any further questioning by any police officer on any subject, once the person in custody has indicated a desire to remain silent."423 U.S. at 102-03, 96 S.Ct. at 326. "The admissibility of statements obtained after the person in custody has decided to remain silent depends under Miranda on whether his `right to cut off questioning' was `scrupulously honored.'" Mosley,423 U.S. at 104, 96 S.Ct. at 326.
A review of the circumstances leading to Swint's confession reveals that his "right to cut off questioning" was fully respected and "scrupulously honored." There is no contention to the contrary.
 III
The victim testified that Swint "forced" her legs, "got up on top" and "started fooling with" her. The victim's sister testified that the term "fooled with" meant "sex". This testimony and other statements by the victim make it unquestionably clear that she and Swint engaged *Page 287 
in sexual intercourse. This issue was not disputed at trial.
The nature of the penetration that is essential for a rape conviction need not be proved in any particular form of words.Edmonds v. State, 380 So.2d 396, 398 (Ala.Cr.App. 1980);Beckley v. State, 353 So.2d 542, 544 (Ala.Cr.App. 1977).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.