A jury found this appellant guilty of rape in the first degree as charged in an indictment that he, being a male 16 years of age or older engaged in sexual intercourse with a female who at the time was less than 12 years old, which crime is proscribed by Alabama Criminal Code, § 13A-6-61 (a)(3), and is classified as a Class A felony. He was duly adjudged guilty and sentenced by the court to imprisonment for twenty-five years.
In the brief of counsel for appellant only two issues are presented, which we now consider.
 I.
Appellant urges that the trial court erred in not granting the defendant's motion to exclude the State's evidence on the ground that "the State failed to prove penetration as required by Section 13A-6-60 (1) and Section 13A-6-61 (3)." Appellant is correct in his contention that penetration by the male sexual organ into the sexual organ of a female must be shown in order to sustain a conviction of rape as charged in the indictment. There is no need to recite the large number of authorities that have so held. The nine-year-old victim in the case testified on call of the State. The factual contention of appellant is definitely refuted by the following testimony of the victim, as to which there was never any retraction:
 "Q. After he took your clothes off, did he take his clothes off?
"A. Yes.
"Q. What did he do then, darling?
"A. He got on top of me.
 "MR. BULLARD [Defendant's attorney]: I am sorry. I can't hear.
 "MR. SORRELLS [District Attorney]: Said he got on top of her.
"BY MR. SORRELLS
 "Q. Do you know what I mean by saying his thing, his sex organ?
"A. Yes.
"Q. Did he put that in you?
"A. Yes.
"Q. And, did it hurt?
"A. Yes.
"Q. Was Tammie there on the bed with you?
"A. Yes.
"Q. Did she say anything?
"A. Yes. She said stop.
"Q. Okay. She told him to stop?
"A. Yes.
"Q. Did he stop then?
"A. Huh-uh. (Negative response).
"Q. Okay. Did he stop later on?
"A. Yes.
". . .
 "Q. The next morning, could you find anything on your panties, darling?
"A. Yes.
"Q. What was that?
"A. Blood."
We are unable to determine appellant's first issue in appellant's favor.
 II.
By the only other issue presented in appellant's brief, an attempt is made to persuade us that the trial court was in error "in allowing the State to attempt to prove the age of the defendant through hearsay testimony." The contention is directed at *Page 518 
that part of the testimony of Deputy Sheriff Charles Odom that commenced as follows:
 "Q. I will ask you at the time you made the arrest if you took certain information from Mr. Jackson?
"A. Yes, we did.
 "Q. Specifically what is called a Waiver of Rights Form?
"A. That is correct.
"Q. Did he sign the form?
"A. Yes, sir. He did.
"Q. In your presence?
"A. In my presence and Investigator Valenza.
"Q. Investigator Donald Valenza?
"A. Yes.
"Q. Did you ask him his age?
"A. Yes, sir. We did.
"Q. What age did he tell you that he was?
"MR. BULLARD: Your Honor, we object to that.
"THE COURT: What grounds?
"MR. BULLARD: Hearsay.
 "MR. SORRELLS: It is from the Defendant, Your Honor.
"THE COURT: Well, okay. Ya'll approach the Bench.
 "(Thereupon, an off the Record discussion was held between the court and the Attorneys of Record. Upon completion of said discussion, the following proceedings were had, to-wit:)
 "THE COURT: All right. Ladies and Gentlemen, let me ask you please, to go to the Jury Room. And, recall the instructions I have given you. We will call for you shortly to resume taking the evidence.
 "(Thereupon, the Trial Jury proceeded to the Jury Room with the above instructions from the Court and the following proceedings were held outside the presence and hearing of said Trial Jury, to-wit:)
"THE COURT: All right.
 "MR. SORRELLS: Give me just a few moments to see if I can find this.
"THE COURT: All right.
 "(Thereupon, a recess was called and taken by all parties. Upon completion of said recess, all parties returned to the presence and hearing of the Court Room and the following proceedings were had, to-wit:)
 "THE COURT: Okay. Mr. Bishop, if you will, bring the Jury back, please.
"(Thereupon, the Trial Jury was returned to their
 place in the Jury Box and the following proceedings were held in the presence and haring of said Trial Jury, to-wit:)
"THE COURT: Okay. Mr. District Attorney, go ahead.
"BY MR. SORRELLS:
 "Q. Mr. Odom, you have previously testified that the form that the Defendant signed in your presence and in the presence of Officer Valenza?
"A. Yes, sir.
 "Q. He gave you the information that went on that form? Is that correct?
"A. Yes.
"Q. What did he tell you at that time?
 "A. Stated that he was twenty years of age and he was born February 4, 1964. He gave his full name, his address and stated he had completed the seventh grade in school."
No further ruling as to what defendant had stated as to his age was invoked.
In the briefs of the attorneys for the parties respectively, they cite and quote from Gamble, McElroy's Alabama Evidence, § 242.01 (1) (1977), in which Judge McElroy sets forth with penetrating clarity the reasons for the rule footnoted by apposite authorities and containing the following paragraph:
 "The opportunity to cross-examine the witness is one of the major reasons for the hearsay rule. It has been held that the real value of cross-examination of a witness is the opportunity to test his (1) perception, sometimes called knowledge or opportunity to observe; (2) recollection, sometimes called memory; (3) narration, *Page 519 
sometimes called accuracy; and (4) sincerity, sometimes called veracity."
We also quote the following statement from § 242.01 (1) of the superlatively valuable treatise by Judge McElroy:
 "The hearsay rule is based upon the idea that out-of-court statements are to be excluded because they are unreliable and untrustworthy. Consequently, some statements have been admitted as exceptions upon the ground that the proponent was able to show safeguards which made for the reliableness and trustworthiness of the statements."
In our opinion, no authority cited by appellant supports his contention that defendant's statement that he was twenty years of age was "unreliable and untrustworthy" or that the admission made by him as to his age constituted inadmissible hearsay testimony. The defendant voluntarily took the stand, denied that he committed the alleged crime, but he was not asked either on direct examination or cross-examination any question as to his age. The trial court was not in error in any ruling it made as to any objection by defendant to the testimony of Officer Odom that defendant told him that "he was twenty years of age and he was born February 4, 1964." Our attention has not been called to any reported case in which it was even contended that an inculpatory statement by a defendant was not admissible in evidence against him on the ground that it constituted hearsay testimony.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.