A.E. Fisher was indicted and convicted for the first degree rape of a ten-year-old girl in violation of Alabama Code 1975, § 13A-6-61. Sentence was twenty-five years' imprisonment. Three issues are raised on appeal.
 I
The defendant contends that he was denied his right to a public trial under the Sixth Amendment of the Constitution of the United States and under Art. I, § 6, of the Alabama Constitution (1901).
Immediately after the jury was sworn, the trial judge announced, "[B]ecause of the nature of this case, it is the Order of this Court that the courtroom be cleared from any spectators. Everyone else must leave the courtroom." There was no objection to this procedure and the matter is raised for the first time on appeal.
In Wright v. State, 340 So.2d 74, 79 (Ala. 1976), our Supreme Court held: "The general rule throughout the country is that an accused may waive this right [to a public trial] expressly or by failing to object. 23 C.J.S. Criminal Law § 963 (8)." The Court then rejected its prior holding in Wade v. State,207 Ala. 1, 3, 92 So. 101 (1921), that the constitutional right of an accused to a public trial is not waived by the failure to object at the time the public is excluded. In Wright, our Supreme Court found the dissent in Wade to be the "sounder view" and held that a public trial could be waived. Wright, 340 So.2d at 80. In Wade, Justice Sayre agreed with the majority that the trial court erred in its order of exclusion but thought "that the writ should be denied because of a failure of the defendant to object and except to the order when made."Wade, 207 Ala. at 3, 92 So. 101.
The defendant was represented at trial by an experienced and highly competent trial defense lawyer well versed in criminal procedure. Under these circumstances, we have no difficulty or hesitation in finding a waiver.
 II
The child testified that the defendant threw her down on the floor "and unzipped his pants and pulled his thing out and stuck it in" and responded that "it" was "inside" her. This constitutes sufficient proof of penetration to sustain a charge of rape despite the defendant's argument that the "thing" was never identified.
"The nature of the penetration that is essential for a rape conviction need not be proved in any particular form of words.Swint v. State, 455 So.2d 285, 287 (Ala.Cr.App. 1984) (evidence sufficient where victim testified accused "fooled with" her and other testimony that "fooled with" meant "sex"). In Edmonds v.State, 380 So.2d 396 (Ala.Cr.App. 1980), the victim testified that part of the accused's "body" *Page 8 
actually penetrated her body. In finding that there was sufficient proof of penetration, this Court stated:
 "Notwithstanding our dissatisfaction with the lack of definiteness in the language used, it would not seem reasonable to conclude that by the use of the word `body' any part of the body of the defendant or the victim was meant, or understood, other than the essential respective parts, when all of the circumstances presented by the evidence and indicated above are shown, as to which there is a natural reluctance to repeat or to express in great detail.
 "We find no case directly in point, and none is cited, that would be applicable to the unique language used as to `penetration,' but we refer to the cases that hold that penetration `need not be proved in any particular form of words, and circumstantial evidence will suffice.' Beckley v. State, Ala.Cr.App., 353 So.2d 542, 544 (1977), with authorities cited. It seems to follow necessarily that also the nature of the penetration that is essential `need not be proved in any particular form of words.'" Edmonds, 380 So.2d at 398.
The victim did testify that the defendant did not hurt her. Although the examining physician testified that "any degree of penetration in a ten year old girl would be painful," he also testified that the child complained of tenderness in her vaginal area, that her hymen had been broken, and that it was "very definitely possible that she could have been penetrated to some extent." The fact that the doctor could not testify that penetration had positively occurred, and the difference between his testimony that any penetration would be painful and the victim's testimony that the defendant did not hurt her goes to the victim's credibility but does not prove there was not penetration. Webb v. State, 455 So.2d 223, 226 (Ala.Cr.App. 1984).
 III
It is argued that the sentence of twenty-five years' imprisonment for the sixty-four-year-old defendant constitutes cruel and unusual punishment.
Rape in the first degree is a Class A felony with a minimum sentence of ten years and a maximum of life or not more than 99 years. Alabama Code 1975, § 13A-5-6 (a)(1).
Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637
(1983), does not require appellate courts to test all sentences against the proscriptions of the cruel and unusual punishment clause of the Eighth Amendment to the Constitution. Ex parteHarbor, 465 So.2d 460 (Ala. 1985).
The gravity and seriousness of the particular abuse involved in this case merit harsh punishment. We find this issue so lacking in merit that we reject it without further comment.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.