TYSON, Judge.
Theron Seales was charged by indictment with rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment,” and the trial judge sentenced him to a term of 20 years’ imprisonment in the penitentiary.
The appellant contends that the evidence at trial was insufficient to support his conviction and that the trial court should have granted his motion for a judgment of acquittal.
The appellant made a motion for a judgment of acquittal at the close of the state’s case-in-chief. He also filed a motion for new trial challenging the weight and sufficiency of the evidence. These motions sufficiently preserved this matter for our review.
The indictment in this case charged that this appellant, being over 16 years of age, *1189 engaged in “sexual intercourse” with a female under the age of 12. The Code section on which this charge is based is § 13A-6-61(a)(3), Code of Alabama 1975, which reads in pertinent part:
“(a) A male commits the crime of rape in the first degree if:
[[Image here]]
“(3) He, being 16 years or older, engages in sexual intercourse with a female who is less than 12 years old.”
There is no question that the appellant was over the age of 16 and that the prose-cutrix was under the age of 12 at the time of the incident at issue. The evidence at trial established that this appellant was the stepfather to the prosecutrix, who was seven years old on November 20, 1988, the date of the alleged rape. The appellant, at the time, was a police officer with the Birmingham Police Department.
The appellant argues, however, that the State failed to prove the requisite element of penetration. Thus, he claims that his conviction is due to be reversed.
In addition to establishing the parties’ ages, the State is also required to prove that the accused engaged in “sexual inter-' course” with the prosecutrix. § 13A-6-61(a)(3). “Sexual intercourse” is defined as follows: “Such term has its ordinary meaning and occurs upon any penetration, however slight; emission is not required.” Ala.Code 1975, § 13A-6-60(l) (Supp.1989). Penetration has been equated with sexual intercourse. Harris v. State, 333 So.2d 871, 874 (Ala.Cr.App.1976).
Marvel Seales, the appellant’s ex-wife, testified that during the early morning hours of November 20, 1988, she awoke and discovered that the appellant was not in their bed. She got up and started searching for him and found him standing beside her daughter’s bed.
Marvel stated that the appellant was dressed only in his underwear. She noticed that her daughter’s legs were hanging off the bed, so she walked over to her to put her back into bed and noticed at that time that her panties were about “midway down her thighs.” Her daughter told her that the appellant had pulled her off of her bed, pulled down her panties, “and took his private part to her.” (R. 27.) Her daughter also stated that the appellant “did it to me when you went into the hospital to have the baby, too.”[1] (R. 15-16.)
After talking with the police, Marvel Sea-les took her daughter to Children’s Hospital in Birmingham, Alabama. Her daughter was examined there by Dr. Jane Fesen-meier in the emergency room.
Dr. Fesenmeier testified that she examined the prosecutrix “[f]or possible sexual abuse.” (R. 67.) According to Dr. Fesen-meier, the prosecutrix stated that her stepfather touched her in her “private heart” and that he had done it once before.
Dr. Fesenmeier testified that she examined the prosecutrix and found “some redness, erythema, around the outside of the vagina, opening of her vagina and along the labia.” (R. 74.) While we do not have benefit of the diagram, the record reveals that Dr. Fesenmeier drew a sketch of the vaginal area and testified as follows:
[Prosecutor:]
“A. Okay. This is her vagina. There was redness around here and up along the side (indicating).
“Q. Okay. Was there any redness other than just right there around the opening area?
“A. No. Well, there was some that extended up along the sides here (indicating).
“Q. Okay. And let me ask you this for the jury to understand: This is an opening with the legs spread out; is that correct?
“A. Yes.
“Q. Okay. And is this the vagina area itself?
“A. Yes. This is the vagina and the opening to the vagina, and the labia.
“Q. Okay. And when you say labia, what are you speaking of, the lip area around the vagina area itself?
*1190 “A. Yes.
“Q. Okay. And then there was redness — would it be in close proximity to the opening itself?
“A. Yes. Right along the opening of the vagina and up along the sides up here (indicating).”
(R. 76-77.)
She further testified that she found no tears, bruises, or lacerations but that it was not uncommon not to find evidence of trauma in sexually abused children. She stated that the hymen was intact and acknowledged on cross-examination that this would indicate that penetration did not extend past the hymenal opening.
Dr. Fesenmeier referred the prosecutrix to Dr. Christy Mulchahey of the Department of Obstetrics and Gynecology at the University of Alabama in Birmingham. Dr. Mulchahey testified that the prosecu-trix indicated that her stepfather touched her in the genital area with his hand and something else, but she was not clear as to what. Dr. Mulchahey drew two figures, one of a little girl and one of a man. The prosecutrix pointed to her genital area when asked where he touched her and pointed to his hand and genital area when asked with what he touched her.
The prosecutrix testified that she was awakened by her stepfather. She stated that he placed her on the floor, pushed up her night shirt, took off her panties, and put some Vaseline on her “private part.” (R. 146.) She stated that he then put his “private part” on her “back private part.” According to the prosecutrix, the appellant then tried to push his “private part” into her “front private part,” but “[i]t couldn’t go up in there.” (R. 149.) She also said that his “private part” was hard during this time.
According to the prosecutrix, the appellant heard her mother, so he placed her back on the bed and tried to put her panties back on. She also testified that the appellant on a previous occasion, while her mother was in the hospital, pulled her panties down and put his private part on her front private part.
The appellant took the stand and testified. He wholly denied the incident and claimed that when his wife awoke on the morning of November 20, 1988, he was in the bathroom. According to the appellant, she came at him screaming and accusing him of raping her daughter. He also denied sexually abusing his stepdaughter on a previous occasion.
This court addressed a statutory rape situation in Patrick v. State, 495 So.2d 112 (Ala.Cr.App.1986), where the female victim was 10 years old at the time of the rape. In Patrick, we stated:
“Because of the language and communication difficulties of an underage victim, more than a few cases have dealt with the matter of proving what was formerly referred to as a ‘statutory rape.’ Whether there was actual penetration in a rape prosecution is a question of fact to be determined by the jury.”
495 So.2d at 114, See also Edmonds v. State, 380 So.2d 396, 398 (Ala.Cr.App.1980) (“nature” of penetration “need not be proved in any particular form of words”).
Likewise, in discussing the requisite element of penetration in a rape conviction, we stated in Mims v. State, 500 So.2d 100, 102 (Ala.Cr.App.1986), cert. denied (Ala.1986), as follows:
“Appellant is correct ... that ‘penetration by the male sex organ into the sexual organ of the female must be shown in order to sustain a conviction of rape_’ Jackson v. State, 471 So.2d 516, 517 (Ala.Cr.App.1985); Long v. State, 370 So.2d 354 (Ala.Cr.App.1979); Smith v. State, 345 So.2d 325 (Ala.Cr.App.1976). However, ‘[t]he nature of the penetration that is essential for a rape conviction need not be proved in any particular form of words.’ Swint v. State, 455 So.2d 285, 287 (Ala.Cr.App.1984); Edmonds v. State, 380 So.2d 396, 398 (Ala.Cr.App.1980).”
The amount of penetration that is required to meet the “sexual intercourse” element of rape is minimal:
“In Vol. 75 C.J.S. Rape § 10b we find the following:
*1191 “ ‘However, penetration to any particular extent is not required, * * * nor need there be an entering of the vagina or rupturing of the hymen, the entering of the vulva or labia being sufficient; but some degree of entrance of the male organ within the labia pudendum is essential.’ ”
Harris, 333 So.2d at 874 (emphasis added).
While we are ever cognizant of the seriousness in our society of sexual molestation and sexual abuse of children, we still are bound to follow the settled law. In so doing, we find in this case that the facts and circumstances are insufficient to support a finding of first degree rape. While there is sufficient evidence to find that the appellant touched the prosecutrix’s genitalia with his genitalia, there is no proof of “penetration.” The testimony of Dr. Fes-enmeier established, as best as we can determine from the record, that the redness and irritation was around the “outside” of the vagina, along the “opening” of the vagina, and along the “sides” of the vagina. The prosecutrix herself testified that the appellant “tried” to push his private part in but that it would not go inside.
We have reviewed other decisions of this court which addressed the issue of penetration. In each case, the evidence established either through the prosecutrix or through the examining physician or both that there was penetration. See Patrick, 495 So.2d at 113-14 (prosecutrix stated she felt appellant inside of her); Mims, 500 So.2d at 102 (prosecutrix testified that appellant put his penis inside of her); Fisher v. State, 480 So.2d 6 (Ala.Cr.App.), cert. denied (Ala.1985) (10-year-old prosecutrix testified that appellant “stuck it in”); Jackson v. State, 471 So.2d 516 (Ala.Cr.App.1985) (9-year-old victim testified that appellant stuck his male organ in her); Swint v. State, 455 So.2d 285 (Ala.Cr.App.1984) (prosecutrix stated that appellant “got on top” of her and “started fooling with” her, the latter phrase meaning he had sex with her); Rowe v. State, 421 So.2d 1352 (Ala.Cr.App.), cert. denied (Ala.1982) (physician testified that examination revealed, in his opinion, that prosecutrix’s vagina had been penetrated). There was no such showing in the cause sub judice.
We note that in this case the State failed to aver by way of indictment that the appellant committed sexual abuse in the first degree or attempted rape or any other matter which would constitute a lesser-included offense of the charged crime. See King v. State, 574 So.2d 921 (Ala.Cr.App.1990); Lee v. State, 563 So.2d 25 (Ala.Cr.App.), cert. denied (Ala.1990).
Furthermore, the trial judge failed to instruct the jury on any of these lesser-included offenses. Moreover, while appellant’s counsel tendered a number of written charges, which were refused, none of these dealt with any of the lesser-included offenses, which, as a matter of law, would be included under a charge of rape in the first degree. Cf. Hubbard v. State, 562 So.2d 580 (Ala.Cr.App.), aff'd, 562 So.2d 583 (Ala.1989) (trial judge has discretion to change the verdict to a lesser included offense where the jury was so charged).
In light of our decision on this matter, we pretermit further discussion of other alleged errors raised by this appellant.
For the reasons stated, this cause is due to be reversed and rendered.
REVERSED AND RENDERED.
All the Judges concur except BOWEN, J., who dissents with opinion.

. Testimony at trial indicated that Marvel Seales had had her second child on May 18, 1988, and was hospitalized again for a short time a couple of weeks following the delivery.