(92 South. 104)

Ex parte WADE.

WADE v. STATE.

(6 Div. 611.)

(Supreme Court of Alabama. Feb. 25, 1922.)

**1. Criminal law ⊚⇒635—Courts and Legislatures cannot enlarge exceptions to right to public trial.**

The right granted guaranteed by Const. 1901, § 6, to a public trial, subject only to exception under section 169, in prosecutions for rape or assault with intent to ravish, cannot be subjected by either courts or Legislature to other exceptions, regardless of the opinion of the court as to the public necessity for such action.

**2. Criminal law ⊚⇒635—Record held to show accused was denied public trial.**

A record reciting that, after the jury was impaneled, the court stated that it was to the public interest to exclude all persons except attorneys, officers of the court, and parties and their relatives, and that he would have to require all other parties to be excluded during the taking of testimony, was sufficient to show a denial of the right to a public trial, it being unnecessary that a formal order excluding the public be entered.

**3. Criminal law ⊚⇒1144(10)—Not presumed court's direction to exclude public was disobeyed.**

Where the court stated he would require all of the public, with certain exceptions, to be excluded during the taking of testimony, and no withdrawal of that statement appears of record, it will not be assumed that the direction was not obeyed, even though the record fails to show that any persons were actually required to leave the courtroom or prevented from entering by the statement.

Sayre and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Charlie Wade was convicted of mayhem, the judgment of conviction affirmed by the Court of Appeals (92 South. 97 [1]), and he brings certiorari. Writ granted, judgment reversed, and cause remanded, with directions to reverse the judgment of the circuit court and remand the cause thereto.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

207 ALA.—16       [1] 18 Ala. App. 322.

For opinion on former application for certiorari, see ante, p. 1, 92 South. 101.

Beddow & Ordendorfer, Roderick Beddow, and Ben F. Ray, all of Birmingham, for petitioner.

The Court of Appeals erred in holding that section 4019, Code 1907, authorized the Court to deny to the defendant a public trial, and in holding that defendant was not denied a public trial as provided by section 6, Constitution 1901. 247 Fed. 394, 159 C. C. A. 448, L. R. A. 1918C, 1164; 89 Mich. 276, 50 N. W. 995, 14 L. R. A. 809, 28 Am. St. Rep. 302, 103 Cal. 242, 37 Pac. 153, 42 Am. St. Rep. 108; 75 Ohio St. 255, 79 N. E. 462, 9 L. R. A. (N. S.) 277, 116 Am. St. Rep. 734, 9 Ann. Cas. 108; 8 R. C. L. 76; 52 Mont. 205, 156 Pac. 1080, L. R. A. 1916E, 472, Ann. Cas. 1917E, 619; 54 Or. 289, 103 Pac. 62, 20 Ann. Cas. 627; 68 Minn. 381, 71 N. W. 401, 38 L. R. A. 672, 64 Am. St. Rep. 482; 47 Ala. 659. Defendant did not have to show injury. Authority supra. Section 169 of the Constitution of 1901 was neither unnecessary nor superfluous. 6 R. C. L. 48, 49; 12 C. J. 699; 154 Ala. 259, 46 South. 268; 145 Ala. 385, 40 South. 293; 71 Ala. 73.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The Supreme Court will not review the finding of the Court of Appeals upon the facts. 195 Ala. 420, 71 South. 91; 184 Ala. 9, 63 South. 990; 181 Ala. 4, 61 South. 53. The defendant may waive his right to a public trial. 16 C. J. 808; 8 R. C. L. 77; 146 Ala. 149, 41 South. 301; 33 Ala. 354; 45 Ala. 41; 193 Ala. 69, 69 South. 10. The court will not presume facts, not properly shown by the record, to be injurious to the defendant. 190 Ala. 1, 67 South. 577; 202 Ala. 422, 80 South. 806.

McCLELLAN, J. This petition is Wade's second application to this court for the writ of certiorari to the Court of Appeals in the cause of Charlie Wade v. State. The offense charged is mayhem. The first application was granted November 6, 1921, reversing the Court of Appeals' judgment of affirmance then under review. The opinion of this court is reported as Wade v. State, 92 South. 101.[2] In construction of the provisions of section 6 of the Constitution of 1901 (assuring accused persons of the class to which petitioner belonged a "public trial"), and in construction of section 169 of the Constitution of 1901 (whereby our courts are vested with an exceptional discretion, in cases of rape and assault with intent to rape, to exclude from the courtroom all persons except such as may be necessary in the conduct of the trial), it was decided, and

reaffirmed in response to application for rehearing, that Wade had been denied, in the trial court, the "public trial" assured by the Constitution—the crime for which he was on trial being mayhem, and not within the limited and exclusive exceptions defined in section 169 of the Constitution—and that his failure or omission to object, at the time or during the trial, to the order or action of the court to be later reproduced in this opinion did not operate as a waiver by him of the error resulting from the denial of the constitutionally assured right (sections 6, 169) to a "public trial." It was then pronounced, also, and so with obvious soundness, that the constitutional right to a "public trial" was not—could not be —subordinate or subordinated to individual or even juristic conceptions of decency or propriety; and, hence, under the plain, mandatory effect of our Constitution (sections 6, 169), no possible argument or conclusion could be soundly predicated of such conceptions, however worthily inspired. Under the familiar doctrine expressed in the maxim exclusio unius exclusio alterius, the conclusion is inevitable that the makers of the Constitution intended no other exceptions than those enumerated in section 169 that notions of morality and propriety, however laudable, might suggest. The framers of our several Constitutions were familiar with the odious public evil that had previously affected the English people before "public trials," as distinguished from secretly exercised judicial processes, were assured in that kingdom, and, like practically all makers of Constitutions in this country, the framers of every one of Alabama's organic laws expressly provided "that all courts shall be open" (Const. 1901, § 13), and that "in all prosecutions by indictment" the accused should have "public trial," as that constitutional guaranty was defined in the former opinion of this court, subject to the exclusive exceptions, in cases of rape or assault with intent to rape, created by section 169 of the present Constitution.

[1] Undoubtedly the framers of the Constitution of 1901 contrasted the historically impressive evil that gave rise and motive to mandatory constitutional provisions for "public trials," for "open" courts, with the probability that at such "public trials" matters shocking to normal sensibilities would, upon occasion, be the subjects of public inquiry and discussion, and thereupon deliberately restricted the exceptions to those defined in section 169 to prosecutions for rape and assault with intent to rape—exceptions that cannot be enlarged by the Legislature or expanded by the courts. Evidently the framers of the Constitution conceived that the necessity for the "public trials" required by the organic law (sections 6, 169) was more important, more vital to the welfare

---

[2] Ante, p. 1.

and to the safety of the people of the state, than the possibility or probability that, upon occasions other than those stated in section 169, morals might be shocked or impaired through the voluntary attendance of the idle and morbidly curious upon "public trials" where matters of a salacious character were involved. Had the Constitution's purpose been to invest courts with a discretion in other cases than rape or assault with intent to rape, that design would not have been left unstated.

As was observed in the opinion delivered by this court November 3, 1921 (cited ante), the definition of what constitutes or would upon occasion constitute a "public trial" has been more or less variant in different jurisdictions; but, so far as this court is advised, no other Constitution, construed or applied elsewhere, contained exclusive exceptional provisions similar to those expressed in section 169 of our Constitution.

[2] Upon the return of the cause to the reconsideration of the Court of Appeals, after the reversal of the judgment of affirmance entered by that court, the decision, in substance, was that it did not appear from the record that the order of the trial court (to be presently quoted from the opinion of the Court of Appeals) was executed, and, hence, that the appellant (defendant) was not shown to have been denied his constitutional right to a "public trial." The last opinion of the Court of Appeals reproduces this pertinent matter from the bill of exceptions:

"After the jury was organized, and in the presence of the jury, the court made the following statement: Before the taking of testimony began, the court made the following statement. 'Now the nature of this case is such, as I understand, that the court is called upon to exercise its discretion about parties remaining in the courtroom during the evidence, and the court believes that it will be best for the public interest to exclude all parties except relatives of those concerned, the attorneys and officers of the court. Therefore I will have to require all parties be excluded from the courtroom during the taking of the testimony in this case, except those who are related, those who are officers of the court, either as attorneys or officers whose duty it may be to come in during the course of the trial.' " 18 Ala. App. 322, 92 South. 97.

It is manifest that this statement by the court was made in open court, and in the hearing of the members of the public who were present, the statement indicating, unmistakably, that there were members of the public then attending. After reciting the grounds of the trial court's view that "its discretion about the parties remaining in the courtroom during the evidence" should be "exercised," and that it would be best "for the public interest to exclude all parties" except those stipulated, the trial court, from that premise, announced that it would "have to require all parties excluded" except those specified. No one then present, or any others of the public to whom it might be repeated, could have mistaken the court's meaning, or have doubted that what was said by the court was a direction for those of the public present, and not excepted, to retire from the courtroom "during the evidence," and to forbid any others contemplating attending from entering the courtroom. No formal order of judicial record—a "judgment entry"—was requisite to effect an erroneous denial of the right to a "public trial" assured by the Constitution. Given the right to a "public trial," it is violated if the judicial authority is exerted in any wise to its denial. The utterance made by the trial court could have no other effect than to move the unexcepted public to vacate. Under the circumstances disclosed by the remarks of the court, including the authoritative effect of the terms in which the direction was made, it was not necessary or requisite, to constitute prejudicial error, that any should have ignored the direction until it was repeated or until force was employed to enforce the court's manifest purpose.

[3] No withdrawal of the erroneous direction given by the court being shown, it cannot be assumed that it was not obeyed or observed. Moreover, as was held in State v. Osborne, 54 Or. 289, 103 Pac. 62, 63, 20 Ann. Cas. 627, the presumption is that the direction was enforced, the record being silent in that particular.

The petition for the writ of certiorari is granted. The judgment of the Court of Appeals, affirming the judgment of petitioner's conviction, is laid in error. It is reversed. The cause is remanded to the Court of Appeals, with directions to that court to reverse the judgment of the circuit court of Jefferson county, and to remand the cause thereto.

Writ granted; reversed and remanded, with directions.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and MILLER, JJ., concur.

SAYRE and GARDNER, JJ., dissent on grounds stated in opinion on former application.