104 So.2d 447

**Russell DUNCAN**

v.

**CITY OF SCOTTSBORO.**

8 Div. 937.

Supreme Court of Alabama.

March 6, 1958.

J. A. Lee, Scottsboro, for petitioner.

H. T. Foster, Scottsboro, opposed.

LAWSON, Justice.

Russell Duncan was convicted in the Jackson County Court of Law of the violation of an ordinance of the City of Scottsboro. Duncan appealed to the Court of Appeals and that court reversed the judgment of the trial court without an opinion. The city's application for rehearing being overruled by the Court of Appeals, the city filed in this court its petition for writ of certiorari to review and revise the judg-ment and decision of the Court of Appeals. On original deliverance we denied the petition on the authority of our many cases which hold, in effect, that where the Court of Appeals disposes of a case without an opinion there is nothing for us to review. See Honeycutt v. State, 264 Ala. 70, 84 So. 2d 362, and the cases there cited. The City of Scottsboro filed its application for rehearing, we granted the application, withdrew our original opinion and issued the writ of certiorari. Counsel for the parties were duly notified that the cause would "stand for resubmission on briefs, and likewise oral argument, if so desired, as provided by Rule 39 of the Revised Rules of the Supreme Court of Alabama [Code 1940, Tit. 7 Appendix]." Counsel for Duncan having failed to make known his wishes concerning resubmission, the cause was resubmitted on brief of the City of Scottsboro in accordance with its request. Counsel for Duncan has made no appearance in this court.

We entertain the view that this cause should be remanded to the Court of Appeals so that it may have the opportunity to give consideration to the several insistences made by counsel for the city to the effect that the cause was submitted to and reversed by that court without the city ever having knowledge of the fact that an appeal had been taken. It is insisted by counsel for the city that no citation of appeal was served upon the city or its counsel (§ 801, Title 7, Code 1940); that no notice was given to the city or its counsel of the filing by the reporter of the transcript of the testimony and that no certificate to that effect was ever made by the court reporter (Act No. 97, approved February 9, 1956, Acts of Alabama, 1956 Special Session, p. 143); that a copy of the assignments of error was not served upon the city or its attorney and no certificate to that effect was made as provided by Supreme Court Rule 1, Code 1940, Tit. 7 Appendix; that no copy of the brief filed by Duncan in the Court of Appeals was received by the city or its attorney and no certificate was made by Duncan or

his attorney to the effect that a copy of that brief was delivered or mailed to the city or to one of its attorneys (Supreme Court Rule 11).

Cases of this kind are quasi-criminal but on appeal are governed by the rules applicable to civil causes. Wyatt v. City of Birmingham, 37 Ala.App. 579, 72 So.2d 735; Ellis v. City of Sylacauga, 36 Ala.App. 687, 63 So.2d 33.

If the City of Scottsboro did not have any notice of the taking of an appeal in this case or if its submission in the Court of Appeals, we feel that that court would like an opportunity to reconsider its action in reversing the judgment of the trial court. Hence, the judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.