111 So.2d 639

### C. W. ORR

v.

### STATE of Alabama.

### 8 Div. 960.

Supreme Court of Alabama.

Feb. 26, 1959.

Rehearing Denied May 14, 1959.

City of Scottsboro, 267 Ala. 259, 104 So.2d 447.

After further consideration of the Alabama cases cited in the opinion of the Court of Appeals, particularly the case of Gidley v. State, 19 Ala.App. 113, 95 So. 330, we find ourselves in agreement with the conclusion reached by that court to the effect that the conjunction of "(1) a spontaneous communication by the court to the jury at the beginning of a court day, apparently following deliberations by the jury on the prior afternoon for some three or four hours, (2) an emphasis on the public expense, (3) a statement that the court expects a verdict, (4) a statement that the taxpayers (a term which could also mean the 'people') expect a verdict, and (5) a statement that the taxpayers do not expect an exhibition of obstinacy," [Ala.App., 111 So.2d 639] requires the reversal of the judgment of the trial court.

The judgment of the Court of Appeals is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.

---

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the petition.

Powell & Powell, Decatur, opposed.

LAWSON, Justice.

C. W. Orr, alias Clinton W. Orr, was convicted in the Circuit Court of Morgan County of the offense of transporting prohibited liquor or beverages in quantities of five gallons or more. Section 187, Title 29, Code 1940. Orr appealed to the Court of Appeals and that court reversed the judgment of the trial court. Its application for rehearing being overruled by the Court of Appeals, the State of Alabama filed in this court a petition for writ of certiorari to review and revise the judgment and decision of the Court of Appeals.

We granted the prayer of the petition and ordered the issuance of the writ of certiorari. The writ was duly issued and counsel for the parties were notified that "the cause shall stand for resubmission on briefs, and likewise oral argument, if so desired, as provided by Rule 39 of the Revised Rules of the Supreme Court of Alabama [Code 1940, Tit. 7 Appendix] * * *."

Neither side requested oral argument or filed additional briefs; therefore, the cause was resubmitted on brief of the State of Alabama filed in support of its petition for the writ. No brief has been filed in this court by counsel for Orr. See Duncan v.