122 So.2d 533

**Wimp LANG**

v.

**STATE of Alabama.**

8 Div. 25.

Supreme Court of Alabama.

June 2, 1960.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for petitioner.

Powell & Powell, Decatur, opposed.

LAWSON, Justice.

Wimp Lang was convicted in the Circuit Court of Lawrence County of having carnal knowledge of a girl under the age of twelve years.—§ 398, Title 14, Code 1940.

Lang appealed to the Court of Appeals, where the judgment of the circuit court was reversed.

Its application for rehearing being overruled by the Court of Appeals, the State of Alabama filed in this court a petition for writ of certiorari to review and revise the judgment and decision of the Court of Appeals.

We granted the prayer of the petition and ordered the issuance of the writ of certiorari.

The writ was duly issued and counsel for the parties were notified that "the case shall stand for [re]submission on briefs, and likewise oral argument, if so desired, as provided by Rule 39 of the Revised Rules of Supreme Court of Alabama [Code 1940, Tit. 7 Appendix], * * *."

Neither side requested oral argument or filed additional briefs, therefore the cause was resubmitted on brief of the State of Alabama filed in support of its petition for the writ. See Duncan v. City of Scottsboro, 267 Ala. 259, 104 So.2d 447; Orr v. State, 269 Ala. 176, 111 So.2d 639.

In brief filed here in support of the petition is a statement to the effect that the State of Alabama filed in this court a motion to strike "the reporter's transcript of the evidence."

■ No such motion has been filed in this court. In any event, we would not on certiorari go into the question as to whether the reporter's transcript of the evidence was timely or properly filed in the trial court in the absence of a treatment of that question by the Court of Appeals.

■ While the offense of which Lang was convicted may be kindred to rape, this court has held, as pointed out in the opinion of the Court of Appeals, that the provisions of § 169 of the Constitution do not permit courts in the trial of such cases to exclude from the courtroom all persons except such as may be necessary in the conduct of the trial. Hull v. State, 232 Ala. 281, 167 So. 553.

We are of the opinion that the language used by the trial court and which the Court of Appeals held was sufficient to show that the public was excluded from the trial is not sufficiently certain to justify that conclusion.

We recognize that this court has held that it is not necessary for the record to show that a formal order—a judgment entry —was made by the trial court ordering the public excluded. Ex parte Wade, 207 Ala. 241, 92 So. 104.

And we realize that in the case last cited this court held that the language used by the trial judge in that case was sufficient to show that the public had been excluded.

But the language used by the trial judge in the Wade case and that used by the trial judge in this case is, in our opinion, distinguishable. Here the trial judge merely stated that those persons present "may" or "can" leave the courtroom. He did not say that he felt that he was required to exclude the public from the courtroom, as did the trial judge in the Wade case, and he did not indicate that he thought it would be for the public interest to exclude the public, as did the trial judge in the Wade case.

■ The fact that the court's remarks were directed to the lawyers present, as well as the others in the courtroom not connected with the trial at hand, indicates that the court was merely giving its permission for those to leave who cared to

do so. Attorneys are officers of the court and are not usually excluded from the courtroom even when the provisions of § 169 of the Constitution of this state are properly invoked.

 There is nothing in this record to indicate that the public construed the language used by the trial judge as requiring them to leave or that the public did leave after the trial judge made his statement. In the absence of some such showing we are unwilling to say that the statements during the course of the trial that persons present in the courtroom "may" or "can" leave should be construed as showing that the defendant was denied the right to a public trial.

In view of the foregoing we are constrained to the conclusion that the judgment of the Court of Appeals should be reversed and the cause remanded to that court.

Reversed and remanded.

STAKELY, GOODWYN and MER-RILL, JJ., concur.

COLEMAN, J., dissents on the authority of Ex parte Wade, 207 Ala. 241, 92 So. 104.