150 So.2d 398

**John WASHBURN**

v.

**STATE.**

**3 Div. 128.**

Court of Appeals of Alabama.

Feb. 19, 1963.

John Washburn, pro se.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Washburn appeals from a conviction of taking indecent liberties with a female child under sixteen against the form of the statute, Act 397, September 9, 1955. His sentence is for four years.

The court reporter's transcript begins with the following:

"MR. DEAN: On behalf of the defendant I ask that the Court Room be cleared except for witnesses and jurors and parties in this case.

"MR. SMITH: We join in the motion.

"THE COURT: All right. If you are not a witness in this case, you are not a member of the Bar, you are not an officer of the Court, you are not on the jury, you are going to have to leave. If you are an officer of the Court you can stay. We have one who is studying law. I will let him stay. He wants to stay.

"MR. DEAN: We have no objection whatsoever."

There is no extract from the minutes of the court. The colloquy set out above is all; there is no notation as to any onlookers leaving the courtroom.

In Lang v. State, 271 Ala. 1, 122 So.2d 533, it is said that to show that the judge below denied a public trial as demanded by Constitution 1901, § 6, there must be some "showing" that "the *public* construed the language used by the trial judge as requiring them to leave or that the public did leave after the trial judge made his statement." (Italics added.) On the record before us, we do not need to decide whether Washburn purported to waive a public trial. Cf. interpretation of Alabama cases in 23 C.J.S. Criminal Law § 963(8), to effect that an accused may not waive public trial.

We have read the entire record under Code 1940, T. 15, § 389. Washburn made no motion to exclude the evidence, no request for the affirmative charge nor motion for new trial.

The judgment below is due to be

Affirmed.