169 So.2d 769

**Ralph KEENE**

v.

**STATE of Alabama.**

**6 Div. 164.**

Supreme Court of Alabama.

Dec. 10, 1964.

Ralph Keene, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Petitioner files in this court a paper which he entitles: "MOTION FOR A SPEEDY TRIAL."

He states that he is confined in jail in Walker County; that he was tried and convicted in that county in 1960; that July 10, 1964, the District Court of the United States declared his conviction illegal; and that, since the last date, he has been rearrested on the original warrant, held in custody, and denied a trial, all in violation of his constitutional rights. See: Keene v. Holman, D.C., 232 F.Supp. 359.

In reply to the petition, the state files answer to which is attached, as an exhibit, a copy of an order of the Circuit Court of Walker County, dated "10–12–1964," and certified to be correct by the clerk of that court.

The exhibit recites that the case was set for trial "on this date," which we understand to be October 12, 1964; that "Defendant personally and through his Attorney makes application of the Court to continue his case until a later term of Court" because of the absence of a material witness for defendant; that the court stated to defendant and his attorney that if the case were continued, it would not be reset until after January 1, 1965; and that "the Defendant being asked personally if he wished for the case to be passed answered in the affirmative."

The exhibit further recites that bond in amount of $3,000.00 has been set for defendant and he will not be confined if

the bond be executed and approved as provided by law.

Petitioner has filed another paper in which he states that the order attached to the state's answer is " 'FRAUD,' AND A ACT OF 'CONSPIRACY.' " We do not, however, understand that petitioner denies that the case was continued at his request as set out in the order of the circuit court.

It appears to us that petitioner had an opportunity to have a trial at the last term of the court which has jurisdiction of the case against him; that, at that time, pursuant to his own request the case was continued; that he was fully advised that a continuance would delay the trial; and that, being so informed, he, of his own free will, nevertheless adhered to his request that the case be passed.

Under these circumstances, we are of opinion that petitioner is not being denied a speedy trial.

Petition denied.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.