223 So.2d 293

**Horace HAMMETT**

v.

**STATE.**

**6 Div. 409.**

Court of Appeals of Alabama.

April 22, 1969.

Rehearing Denied May 20, 1969.

J. Carter McFerrin, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and W. Mark Anderson, III, Special Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appellant stands convicted of the offense denounced by Section 398, Title 14, Code of Alabama, 1940. His punishment was fixed at ten years in the penitentiary.

The evidence for the state tends to show that on June 9, 1966, the alleged victim, a nine year old girl, was sent by her mother to a grocery store a mile or so away on the highway in Pratt City. A witness who operated a Bush Oil Company service station on the highway, knew the defendant. He testified he saw him get off a city bus and walk down the highway. He was wearing green, uniform type, shirt and pants.

On her way home from the store the victim passed a man, whom she said was the defendant. As she was walking away he told her she had dropped something. When she went back to look, he threatened her with a knife, forced her to accompany him through some underbrush to a spot where he made her undress and had, or abused her in the attempt to have, sexual relations with her. Finally, he cut up her clothing, bound her, warned her not to tell and left. The victim got loose and went by an aunt's house for some clothes. When she reached home she told her mother, who called the police. The police went with the child and her mother to the scene where they found parts of the child's clothing. The defendant was arrested that night. He was dressed in green, uniform type clothes, and had a pocket knife. A doctor examined the little girl that evening and found multiple lacerations around her private parts.

The evidence was sufficient to support the jury's verdict. The motion for a new trial, based on the insufficiency of the evidence, was denied without error.

Appellant's main contention on appeal is that he was denied a speedy trial in violation of his constitutional rights.

The indictment was returned July 22, 1966, and counsel was appointed July 28, 1966. Defendant was arraigned and entered a plea of not guilty on August 12, 1966. Trial was set for October 24, 1966. On October 17, 1966, defendant filed motion to suppress certain confessory statements. The motion was set for hearing November 14, 1966, and trial continued to that date. On November 14, 1966, with leave of the court, defendant filed a plea of not guilty by reason of insanity. The hearing on the motion to suppress was continued to be reset after examination as to competency. On November 22, 1966, an order was entered committing him to Bryce Hospital. He was discharged from the hospital sometime in January, 1967. On April 17, 1967, defendant's motion to suppress was heard and granted. The case was set for trial on June 12, 1967. It was passed until June 20, 1967, when defendant filed motion to dismiss the indictment on the ground that he had been denied a speedy trial. The motion to dismiss was overruled. The defendant withdrew his insanity plea and trial commenced on June 20, 1967. This trial ended in a mistrial.

The case was then set for trial on October 30, 1967. On October 31, 1967, an instanter attachment was issued for a state witness and the case was passed to November 13, 1967. The trial judge who had presided during the first trial became ill and the case was continued until February 13, 1968. The case was tried on that day and defendant was convicted.

Defendant was tried twice in a period of about eighteen months. Some of

the delay occurred because the plea of not guilty by reason of insanity was added. There is no showing in the record that appellant demanded or made any attempt to obtain an earlier trial or that he objected to any of the several continuances. We find no merit in the contention that he was denied a speedy trial. Ex parte State ex rel. Attorney General, 255 Ala. 443, 52 So.2d 158; Duncan v. State, 42 Ala.App. 111, 154 So.2d 302; Autrey v. State, 44 Ala.App. 53, 202 So.2d 88; Etheridge v. State, 44 Ala.App. 323, 208 So.2d 232; Tiner v. State, 279 Ala. 126, 182 So.2d 859.

No reversible error appears in the record. The judgment is due to be and hereby is affirmed.

Affirmed.