ON REHEARING
BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Deputy District Attorney Thomas, prosecuting for the State, commented to the trial court that the facts were repulsive and the alleged victim was eight years old. He asked the court to strongly consider whether or not the courtroom should be cleared. The judge then asked Mr. Fuller, defendant’s attorney, if he had any objections. He replied: “Your Honor, I believe it is within the Court’s discretion, in any case. . After a short discussion about certain witnesses being excused from the rule, the Deputy Solicitor again observed, “. we would request that the courtroom be cleared. The court then stated: “I am going to exercise my discretion in favor of the State, Mr. Fuller, and clear the courtroom.” Thus, it appears that the motion of the State was granted.
The State contends, in its application for rehearing now under consideration, that there is no notation in the record that any exclusion of the public actually took place; that the instant opinion of this Court is in direct conflict with Washburn v. State, 42 Ala.App. 7, 150 So.2d 398, quoting therefrom as follows:
“In Lang v. State, 271 Ala. 1, 122 So.2d 533, it is said that to show that the judge below denied a public trial as demanded by Constitution 1901, § 6, there must be some ‘showing’ that ‘the public construed *74 the language used by the trial judge as requiring them to leave or that the public did leave after the trial judge made his statement.’ (Italics added.) On the record before us, we do not need to decide whether Washburn purported to waive a public trial. Cf. interpretation of Alabama cases in 23 C.J.S. Criminal Law § 963(8), to effect that an accused may not waive public trial.”
Thus it appears in Lang that there must be a “showing” that the public was impressed by the court’s language that they were required to leave or that the public did leave — they had no option. There is not before us in this case any language used by the court that the public could misconstrue, as in Lang, or that they were given the option to remain or go — permissive language. The record is silent as to how the court went about executing the motion that it granted. In other words, so far as the record shows, the court did not use language that tended to create confusion as to what the court intended. If the record had noted that the public had left after the judge made his statement, then it would appear that the public understood the court mandated them to get out or leave.
But as we have noted, the record before us does not show that the court used any language requiring construction by the audience. The court granted the State’s motion and stated he was going to clear the courtroom. As to how he went about doing it or the mechanics employed to make the clearance is not shown. Suffice to note that he granted the motion and made a positive statement that he would clear the room. This was a ruling not addressed to the public in the courtroom.
We hold that the court, in the absence of anything to the contrary, and no confusing language appearing, performed his duty and cleared the room as he indicated in his ruling he would do. We are unwilling to hold that the court was derelict in performing his duty. There is nothing in the record to indicate such dereliction, or confusion on the part of the public as in Washburn and Lang, supra. A presumption, nothing appearing to the contrary, obtains that the court performed its duty.
OPINION EXTENDED, APPLICATION OVERRULED.
CATES, P. J., and TYSON and HARRIS, JJ., concur.
DECARLO and BOOKOUT, JJ., dissent.