**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eugene JONES, a/k/a "Marvin", a/k/a Charles Coleman, Defendant-Appellant.**

**No. 76–1706.**

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1976.

---

**1172**

Samuel Maples, Birmingham, Ala., (Court-Appointed), for defendant-appellant.

* Judge Rives was a member of the panel that heard oral argument but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

Wayman G. Sherrer, U. S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before RIVES *, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a jury conviction under 21 U.S.C. § 841(a)(1) for unlawful possession and distribution of cocaine hydrochloride. Appellant submits four assignments of error for review by this court: (1) admission into evidence of certain allegedly incriminatory statements made by him without a showing that he was advised of his rights under *Miranda* ; [1] (2) denial of his motion to dismiss the indictment on grounds of unnecessary and prejudicial pre-indictment and pre-arrest delay; (3) admission of testimony by a government witness that arguably related to prior criminal acts; and (4) allegedly improper closing argument by the Assistant U. S. Attorney. Finding no merit in any of these contentions, we affirm the judgment of conviction.

The evidence introduced at trial tended to establish the following facts. On November 12, 1974, Birmingham Police Officer William E. Harris, acting as an undercover agent for the Drug Enforcement Administration (DEA), met with an individual identified at trial as being the defendant Eugene Jones. Harris testified that Jones sold him one-half ounce of cocaine measured from a larger quantity and that negotiations for a future sale of heroin took place. This testimony was bolstered by the testimony of Calvin Radford, a convicted codefendant, who stated that he was present when Jones sold Officer Harris a quantity of cocaine. On the following Friday, No-

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

vember 15, a car driven by Jones was temporarily stopped by DEA agents. The agents testified that on that occasion Jones produced as identification a speeding ticket bearing the name of Charles Coleman and that a subsequent investigation revealed that the car was jointly registered in the name of Coleman and another. When asked about his destination, he replied that he was on his way to Boligee, Alabama to hunt. No arrest was made at that time.

On December 3, 1974, a federal grand jury returned an indictment charging "Charles Coleman", Calvin Radford, and Alfonso Ross with violations of 21 U.S.C. § 841(a)(1). Specifically, the indictment charged "Charles Coleman" with the unlawful possession and distribution of cocaine hydrochloride on November 12, 1974. Coindictees Radford and Ross were tried and found guilty of these charges in January, 1975, but authorities were unable to locate appellant Jones, who was at that time known only as "Charles Coleman."

Apparently Jones fled the state and his whereabouts were unknown until he was identified as being incarcerated in a California jail. He was returned to the Northern District of Alabama under a writ of habeas corpus ad prosequendum on January 5, 1976. A superseding indictment showing Jones' true name was filed and at arraignment he pleaded not guilty. His chief defense at trial was that he was in Boligee, Alabama, hunting on the day in question. He was found guilty and sentenced to fourteen years in prison with a special parole term of three years.

### Custodial Interrogation

■ Jones claims that the statements made during his encounter with DEA agents on November 15, 1974, were incriminating in that they seriously detracted from his alibi defense that he was in Boligee, Alabama during the entire week in question. The thrust of his argument is that when stopped by the DEA officers, he was the subject of a custodial interrogation, and that absent advice required by *Miranda,* any incriminating statements made by him

at that time are inadmissible. Although a general objection to this testimony was made when it was elicited from Officer Hawkins, there was no objection when similar testimony was given by the preceding witness, Police Sergeant Knight. (R.Vol. II at 97–99). Therefore, we must determine whether the trial court committed plain error in admitting Sergeant Knight's testimony into evidence. Fed.R.Crim.P. 52(b).

In *Miranda* the Supreme Court held that a custodial interrogation is so laden with the possibility of coercion that statements made during such an interrogation are to be considered compelled, unless the defendant is informed *inter alia* of his fifth amendment right to remain silent. In the case at bar it is admitted that Jones' car was stopped, that he was questioned by the officers, and that at no time was he informed of his privilege against self-incrimination. Admission of these facts does not end our inquiry, for we must now cross the *Miranda* threshold and determine if during this questioning Jones had been "taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1612 (1966).

Jones' contention that *Miranda* was violated is without merit. Several courts including this one have ruled that routine inquiries into the ownership of a stopped vehicle, the identity of its driver or occupants, and other such matters by law enforcement personnel do not constitute custodial interrogation. *United States v. Hickman,* 523 F.2d 323, 327 (9th Cir. 1975), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 778, 46 L.Ed.2d 639 (1976); *United States v. Montos,* 421 F.2d 215, 223 (5th Cir. 1970); *Lowe v. United States,* 407 F.2d 1391, 1394 (9th Cir. 1969); *see United States v. Rollerson,* 491 F.2d 1209, 1211 (5th Cir. 1974). *See generally South Dakota v. Opperman,* —— U.S. ——, 96 S.Ct. 3092, 49 L.Ed.2d 1000, 1004 (1976).

### Pre-Arrest Delay

■ The "calculus" of pre-arrest and preindictment delay litigation has recently

been discussed by this court in *United States v. Avalos*, 541 F.2d 1100 (5th Cir. 1976), where Judge Goldberg said:

> Two time periods are relevant to consideration of whether the appellants' constitutional rights were violated by the government's delays. We shall consider first the time period between the commission of the substantive offense and the appellants' arrest. The issue will be solely whether this delay violated the appellants' rights to due process of law. We shall then consider the interval between the time the appellants were designated "accused" persons in the District of Columbia and the date of their trial in the Southern District of Florida. Sixth Amendment rights attach during the latter period.

*Id.* at 1106. In the case at bar, however, Jones asserts a hybrid, alleging that the 13 month delay between the indictment of "Charles Coleman" and his trial under the superseding indictment constituted a violation of his fifth amendment right to due process of law. We disagree.

Once the alleged criminal conduct had occurred, the government moved swiftly for an indictment. Further proceedings at that time were stymied by the government's inability to identify and locate Jones. He cannot raise such a fifth amendment claim where the delay was occasioned by his own flight and misleading identification. This same course of conduct further precludes his sixth amendment speedy trial claim. No matter how couched, whether in terms of the fifth amendment, the sixth amendment, or both, Jones' argument must fail.

*Other Issues*

Jones raises two final grounds for reversal. He contends that evidence of prior criminal acts was admitted into evidence and that the prosecuting attorney argued improperly in his closing statement in an attempt to bolster the credibility of the government's witnesses. These arguments are without merit.

■ The record does not support his contention that evidence of his prior criminal record was introduced into evidence. Testimony that a photograph of Jones was sent to the local drug enforcement agents from the California State Police may have raised a question in the minds of the jurors as to why the California authorities had a picture of Jones. No objection was made to this testimony, however, and this court does not feel compelled to reverse the conviction simply because the jury *may* have inferred that he had been arrested in California.

[4] His final assignment of error relates to the closing argument of the prosecuting attorney. Again he failed to make a timely objection and it is not apparent from a reading of the record that the trial court committed plain error.

The judgment is AFFIRMED.