The defendant was indicted and convicted for the first degree murder of Charles Phillips. Sentence was life imprisonment. Four issues are presented on appeal.
 I
Our review of the facts clearly reveals that the defendant was not denied his right to a speedy trial. Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The fifteen month delay from the defendant's arrest until his trial was caused, at least in large part, by his appeal to the Alabama Supreme Court of the decision of the juvenile court transferring the defendant for criminal prosecution in the circuit court. Further delay was also caused by defendant's failure to hire an attorney. Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant in applying the balancing test of Barker. Argo v. State, 282 Ala. 509, 213 So.2d 244
(1968) (delay caused by continuance granted at the request of the defendant); Keene v. State, 277 Ala. 327, 169 So.2d 769
(1964) (delay occasioned by absence of a material witness for the defendant); Hammett v. State, 45 Ala. App. 52, 223 So.2d 293
(1969) (delay occasioned by defendant's confinement to Bryce Hospital for a competency hearing); Love v. State, 44 Ala. App. 85, 203 So.2d 140 (1967) (delay *Page 764 
due to defendant's escape from the State). There is no evidence that the defendant demanded or made any attempt to obtain an earlier trial. Under these circumstances we find no merit in the contention that he was denied a speedy trial.
 II
During the State's case in chief, the prosecuting District Attorney took the witness stand and testified to a confession the defendant made to him in the presence of the defendant's retained attorney. Before trial commenced, the District Attorney knew that he was going to be a witness. The rule is clearly stated in Maund v. State, 254 Ala. 452, 461,48 So.2d 553, 561 (1950).
 "Although a prosecuting attorney is competent to testify, his testifying is not approved by the courts except where it is made necessary by the circumstances of the case, and, if he knows before the trial that he will be a necessary witness, he should withdraw and have other counsel prosecute the case. The propriety of allowing the prosecutor to testify is a matter largely within the trial court's discretion."
However, by allowing the District Attorney to testify without objection, the defendant waived any argument he might have with regard to this matter. Objection was only raised on motion for new trial and then it was too late. "The grounds urged for a new trial must ordinarily have been preserved at the trial by timely and sufficient objections." Fuller v. State,365 So.2d 1010, 1012 (Ala.Cr.App. 1978), cert. denied, 365 So.2d 1013
(Ala. 1979).
 III
The confession of the seventeen year old defendant was properly admitted in evidence after the State proved the usual voluntariness and Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), predicate and, additionally, that the defendant had been advised by counsel before the statement was made. Alabama Code 1975, Section 12-15-67. When a conflict occurs in the evidence with respect to the voluntariness of a confession, and the trial judge finds that the confession was voluntary, great weight must be given his judgment. His finding will not be disturbed on appeal unless this Court is convinced that the conclusion is palpably contrary to the weight of the evidence. Thompson v. State, 347 So.2d 1371, 1375
(Ala.Cr.App.), cert. denied, 347 So.2d 1377 (Ala. 1977). We find no error in the admission of the confession into evidence.
 IV
Twice during his cross examination of the defendant, the District Attorney accused the defendant of lying.
 "Q. The reason is, you don't know, because you are lying.
"A. I am not lying. You just want me to be lying.
 "MR. ENFINGER [Defense Counsel]: Judge, we're going to object to that."
* * * * * *
"Q. You are lying.
"MR. ENFINGER: Judge, we are going to have to object.
 "THE COURT: Sustain the objection. Ladies and Gentlemen of the Jury, disregard that comment from your minds."
The evidence presented by the State and that presented by the defense directly conflicted and was irreconcilable. Under the evidence, it was logical to conclude that someone was misrepresenting the facts. "The credibility of witnesses as shown by the reasonableness of their story and many other considerations, are legitimate subjects of criticism and discussion." Smith v. State, 344 So.2d 1239, 1242
(Ala.Cr.App.), cert. denied, 344 So.2d 1243 (Ala. 1979). Counsel's comments should be limited to closing argument. While the District Attorney's comments may have been improper, they do not represent a case of reversible error.
Here there was no ruling on defense counsel's first objection. His second objection was sustained and the jury was instructed to disregard the prosecutor's comment. No additional objection was made, *Page 765 
there was no motion for a mistrial, and there was no request for further instruction. This issue was not raised on the motion for new trial. Such a status, prima facie, shows an absence of reversible error. Orr v. State, 40 Ala. App. 45, 49,111 So.2d 627, affirmed, 269 Ala. 176, 111 So.2d 639 (1958).
We have searched the record for error prejudicial to the defendant and have found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON and BOOKOUT, JJ., concur.
DeCARLO, J., not sitting.