Willie James Showers was indicted and convicted of carnally knowing Tommy Grant, a man, contrary to law. The trial court sentenced Showers to seven years imprisonment.
Because reversible error occurred after the jury had retired and was deliberating their verdict, we pretermit consideration of the evidence in this case.
 I
Following the oral charge of the court, the members of the jury retired and began their deliberations. Record pages 67-68 read as follows:
 "(THE JURY WAS CALLED BACK INTO THE COURTROOM AFTER A CONSIDERABLE TIME IN DELIBERATIONS.)
"COURT — Have you selected a foreman yet?
"JURY — Yes sir.
 "COURT — I am going to ask you a few questions, all of which call for a yes or no answer. Have you made any progress toward a verdict?
"FOREMAN — Yes sir.
 "COURT — I have been advised by the Bailiff, that it is 11 to 1, is that correct?
"FOREMAN — That is correct, sir.
 "COURT — Do you feel like you are making any progress toward a unanimous verdict?
"FOREMAN — Very little.
 "COURT — I don't want to know who it is that's holding out. What I want to do now is, just address myself to the whole jury. All of you were selected to be on this jury, because the lawyers on both sides considered you to be reasonable and responsible people. If you weren't reasonable, responsible people, you wouldn't be on this jury. And as reasonable people, you of course, will listen to one another. What one another has to say about this case, and what their feelings are about this case. And, while I'm not suggesting that any one of you give up or relinquish any sincere, honest feeling that you might have about the issues in this case, I nevertheless, suggest to you, that all of the others on the jury, the 11 others, who think opposite from the way you do, are reasonable people. And they have listened to the evidence also. And, they have formed an opinion and decision about this case, after hearing the same evidence and the same law. And, I simply ask the person who is the one that does not agree with the others, to remember, that those 11 others on the jury, are fair, and reasonable people, and if they were not so, they wouldn't be on the jury. And so, to the one person who is holding out, I simply suggest, go back in the jury room and look deep into your heart, and ask yourself, is my conviction about this case, is my feeling about this case, based on the evidence, is it based on the law, or is it possible that I might be mistaken. Especially in light of the fact that 11 others feel the opposite of the way I do, recognizing that they are also reasonable and honest people, who have also taken the oath as jurors to well and truly try the case based on the evidence.
 "Listen to what those other 11 people have to say about this case, it might be that they heard the evidence different from the way you did. It might be that they understand the law, different from the way that you do. And, the chances are very good, that if 11 people heard the case different from the way that you did, consider the possibility that they might be right, and that you might be wrong. *Page 169 
And look very, very deeply into your heart, and consider whether they are right, and you might be wrong.
 "Now, we have all the time that it takes to allow you 12 people to reach a verdict. We could never, in Macon County, or in any other County, that I know of, empanel a better jury than you 12 to try a case like this. You are not sitting on this case by accident, you are sitting on this case because a lot of people had a lot of confidence in you. They had confidence in the fact that you are reasonable and fair people, and that you would do what was right in this case. So, we will never get a better jury than you are, and there is no reason why you all as a jury, shouldn't be able to work this thing out. Listen to one another, talk to one another, concentrate on areas in which you can agree, and see if there is not some way that you can agree on a verdict in this case. We have all the time it takes, so don't feel hurried. I will ask you to go back out to the jury room, and try a little bit more.
"THUS CONCLUDES THE TRIAL OF THIS CASE."
We first note that the trial court made inquiry through the foreman of the jury as to the numerical division of the jurors in this cause. The foreman's response indicated that the jury was divided 11-1.
This inquiry was in clear violation of the opinion of the United States Supreme Court in Brasfield v. United States,272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345 (1926). We also citeBurton v. United States, 196 U.S. 283, 25 S.Ct. 243,49 L.Ed. 482 (1905); and United States v. Dunkel, 173 F.2d 506 (2nd Cir. 1949).
While the trial judge is vested with large discretion in the conduct of the trial and may admonish the jury as to the desirability and importance in agreeing on a verdict, he may also urge jurors to make every effort consistent with their consciences to reach such verdict. He may request jurors to lay aside mere pride of judgment and listen to what the other jurors believe from the evidence. The judge may ask the jurors to reason together in a spirit of fairness and candor and talk over their differences and, if possible, harmonize them. However, it is not proper to give an instruction censuring jurors for not agreeing with the majority. Ashford v. McKee,183 Ala. 620, 62 So. 879 (1913); Allen v. United States,164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
The trial court should refrain from the use of wording "expect the verdict" or make reference to obstinacy. Orr v.State, 40 Ala. App. 45, 111 So.2d 627, affirmed, 269 Ala. 176,111 So.2d 639 (1958).
However, by making inquiry as to the numerical division of the jurors in the instant cause and for particularizing the 11-1 split and the language to the particular juror who was apparently holding out, we are of the opinion that the trial court committed reversible error. Authorities cited.
It therefore follows that the judgment of the trial court is hereby reversed and this cause is remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.