The defendant was indicted and convicted for the unlawful possession of marijuana in violation of Alabama Code 1975, Section 20-2-70 (a). Sentence was fifteen years' imprisonment.
 I
The defendant contends that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution. We agree.
The chronological facts and events governing this issue are as follows:
 June 5, 1976: The defendant was arrested at the Eight Days Inn in Mobile after a search of his camper revealed several bundles of marijuana.
 June 28, 1976: The defendant was indicted for felony possession of marijuana. The indictment listed New Caney, Texas, (located a short distance from Houston), as the defendant's address.
 The defendant was placed on probation for 5 years for an unrelated federal offense. The probation was originally to be supervised in Mobile, but was transferred to Houston, Texas. The defendant resided in Houston until August 6, 1979. His probationary period ended June 7, 1979.
 May 13, 1977: After several continuances, the defendant's April 26, 1977, motion to quash the indictment was granted, apparently in response to a federal court order. The defendant resided in Houston at this time.
 July 1, 1977: The defendant was re-indicted for the June 5, 1976, offense and a warrant of arrest was issued sometime afterward. The outstanding indictment was placed in the N.C.I. computer.
 August 6, 1979: The defendant returned to Alabama and resided in Creola, which is located in Mobile County. During the term of his residency, defendant's stepson attended a local school and on October 14, 1979, his common law wife gave birth to their child. The birth was announced in a local newspaper.
 April 1, 1980: The defendant and his family returned to Houston.
 April 1, 1980 — May 18, 1980: The defendant was arrested in Florida on the outstanding warrant on N.C.I.C. He was transported to Alabama.
 May 18, 1980: The defendant was arraigned on the July 1, 1977, indictment.
 May 28, 1980: The defendant moved, in writing, to dismiss the indictment based upon a denial of his right to a speedy trial.
 June 10, 1980: A hearing was held on the defendant's motion. The State offered no evidence to illustrate its efforts in locating the defendant to serve the outstanding warrant of arrest. The State's witness could not testify to the efforts, if any, made. The motion was denied.
 March 18, 1981: The defendant renewed his speedy trial motion, which was again denied. His motion to suppress was also denied. The defendant's trial began.
 March 19, 1981: The defendant was found guilty of felony possession of marijuana.
 March 23, 1981: The defendant was sentenced to fifteen years' imprisonment.
Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972), established four factors that must be weighed and balanced in determining whether or not a denial of an accused's Sixth Amendment right to a speedy trial has occurred.[1] They are: (1) the length of the delay, (2) the accused's assertion of his right, (3) the reason or reasons for the delay, and (4) prejudice to the accused. Barker, supra, at 530,92 S.Ct., at 2191. *Page 184 
The protection of the speedy trial clause of the Sixth Amendment "is activated only when a criminal prosecution has begun and extends only to those persons who have been `accused' in the course of that prosecution." United States v. Marion,404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971);Prince v. Alabama, 507 F.2d 693 (5th Cir. 1975); Turner v.State, 378 So.2d 1173 (Ala.Cr.App.), cert. denied,378 So.2d 1182 (Ala. 1979). Clearly, a person becomes an "accused" for speedy trial purposes when an indictment is returned against him. Marion, 404 U.S. at 320, 92 S.Ct. at 463; Corn v. State,387 So.2d 275 (Ala.Cr.App.), cert. denied, 387 So.2d 280 (Ala. 1980); Davis v. State, 387 So.2d 268 (Ala.Cr.App.), cert. denied, 387 So.2d 274 (Ala. 1980); Andrews v. State,370 So.2d 1070 (Ala.Cr.App.), cert. denied, 370 So.2d 1075 (Ala. 1979).
1. Length of Delay.
The defendant was re-indicted for the June 5, 1976, offense on July 1, 1977. At this point, his right to a speedy trial attached. We reject any notion that his right attached prior to July 1, 1977, for as of June 28, 1976, when his first indictment was quashed, a criminal prosecution against him had not begun. See Wade v. State, 381 So.2d 1057 (Ala.Cr.App.), cert. denied, 381 So.2d 1062 (Ala. 1980); Bailey v. State,375 So.2d 519 (Ala.Cr.App. 1979).
Sometime between April 1, 1980, and May 18, 1980, the defendant was arrested in Florida and returned to Alabama on the instant charge. On June 10, 1980, his motion to dismiss the indictment based upon a denial of a speedy trial was denied. From June 10, 1980, to February 2, 1981, when several of the defendant's motions were denied, no action was taken to bring him to trial. On March 18, 1981, some three years and eight and one-half months after his indictment, the defendant was tried for the June 5, 1976, offense. Within this period of time, approximately eight and one-half months passed from the denial of the defendant's motion to dismiss the indictment until his trial.
As we stated in Corn, 387 So.2d at 277:
 "This delay is long enough to be `presumptively prejudicial' and trigger inquiry into the other factors bearing on the alleged denial of a speedy trial. Since this delay is `patently offensive' we must determine whether it is `unjustified'. However, this delay is not sufficient in and of itself to justify a finding that the guarantee of a speedy trial has been violated." (Citations omitted).
2. Assertion of Right.
The record establishes that the defendant asserted his right to a speedy trial 10 days after his arraignment on the instant charge. This was approximately two months from the date that he was arrested in Florida and first made aware of his reindictment in Alabama.
A defendant cannot waive his right to a speedy trial without knowledge of the indictment. Wade, 381 So.2d at 1060. He has no duty to bring himself to trial. That responsibility is placed upon the State. Barker, 407 U.S. at 527, 92 S.Ct. at 2190; Exparte Collins, 53 Ala. App. 577, 302 So.2d 551, cert. denied,293 Ala. 750, 302 So.2d 555 (1974). Despite the contention of the Attorney General, the record reveals no evidence of flight or efforts of misleading identification by the defendant to avoid prosecution. United States v. Jones, 543 F.2d 1171 (5th Cir. 1976).
"(T)he defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker,407 U.S. at 531-2, 92 S.Ct. at 2192-3.
We find that the defendant asserted his right to a speedy trial without undue delay.
3. Reason for the Delay.
At the outset, we note that the instant case does not fall into the situation where the delay may be attributable to the defendant's action, Walker v. State, 386 So.2d 762
(Ala.Cr.App.), cert. denied, 386 So.2d 765 (Ala. 1980), or where the defendant's *Page 185 
whereabouts is known and the State does not act. Turner, supra;Slaughter v. State, 377 So.2d 632 (Ala. 1979). Further, the case is not one of "availability" as in Smith v. Hooey,393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), Prince v.Alabama, supra, or Corn, supra.
At the defendant's hearing, the State could offer no reason for the delay in the execution of the warrant issued on the July 1, 1977, indictment. The State's witness testifying to the efforts to locate and arrest the defendant stated that the file on the defendant had been lost. Consequently, he could not definitely state what, if any, efforts had been made to execute the arrest warrant.
Any indications of the State's efforts to locate the defendant are at best vague and indefinite. Sergeant James Orso, although not called as a witness by the State at the hearing on the motion for speedy trial, stated to the court: "It seems to me, Your Honor, that we put him on N.C.I.C." Assistant District Attorney Thomas E. Harrison stated: "My notes indicate that the Sheriff served the copies of the writ down to Texas, now when that occurred or whatever I don't know." (Emphasis added).
Although we cannot determine the reasons for the delay, the record does not show that the State discharged its "constitutional duty to make a diligent good faith effort" to bring the defendant to trial. Smith, 393 U.S. at 383,89 S.Ct. at 579. Perhaps the strongest evidence that the State did not make any diligent good faith effort to bring the defendant to trial is the fact that the State could not even locate the defendant's "file" to determine what, if anything, had been done. We particularly note that the trial judge found the delay "inexcusable".
It is our conclusion, based upon the facts as reflected in the record, that the reason for the delay can, at the very least, be attributed to the negligence of the State in its efforts, or lack thereof, to locate the defendant. In our balancing test this reason cannot be weighed against the defendant even if the reason be considered of "neutral" weight.
4. Prejudice to the Accused.
At the defendant's hearing, and later immediately prior to trial, the defendant asserted that he had not been able to locate potential witnesses to his arrest in the motel restaurant and the search of his trailer. Furthermore, he argued that the whereabouts of his companion on June 5, 1976, Pat Presswood, who was also arrested and indicted, is unknown to him and to the State. His attorney, with the defendant's help as well as that of the defendant's wife, attempted to locate Presswood but without success. For these reasons the defendant contends that he could not adequately prepare his case.
"Prejudice to the defendant's defense goes to the reliability and integrity of the fact finding process." Prince v. Alabama, 507 F.2d at 707. "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." Barker, 407 U.S. at 532,92 S.Ct. at 2193. The most serious of these interests is the possibility that the defendant's defense will be impaired. "(T)he inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses . . . disappear during a delay, the prejudice is obvious." Barker,407 U.S. at 532, 92 S.Ct. at 2193.
In a drug case involving a warrantless search and seizure, it is a common practice for an accused to challenge the validity and legality of the arrest and search. Since the issue is usually reduced to a "swearing match" between the accused and the police, an eyewitness, be he friendly or hostile, would have an extremely important influence in the preparation and formation of a strategy for the defense.
The defendant stated that every effort had been made to locate potential witnesses at the restaurant. The defendant discovered that the people employed at the restaurant at the time of his arrest were no longer employed there. He had also been unable to locate his companion at the time of his arrest. *Page 186 
It would be speculation on our part to guess the content of the above witnesses' testimony, and further speculation as to whether such would be beneficial to the defendant's defense. "But we can know that the search for truth has been severely hampered and that, on this and other aspects, defendant has demonstrated `the likelihood, or at least reasonable possibility, that (he) has been prejudiced by the delay.'"United States v. Mann, 291 F. Supp. 268, 273 (S.D.N.Y. 1968). Cf. Wade, 381 So.2d at 1061 (where no attempt to locate potential witnesses was made by the accused).
Applying the balancing test set out in Barker, we find that each of the four factors must be placed on the defendant's side of the scale. Although some factors weigh more heavily for the defendant than others, no single factor is favorable to the State. The trial court erred in denying the defendant's motion to dismiss the indictment for want of a speedy trial. UnderStrunk v. United States, 412 U.S. 434, 93 S.Ct. 2260,37 L.Ed.2d 56 (1973), this cause must be reversed and rendered.
 II
Another assertion of error made by the defendant concerns a comment made by the prosecuting attorney in his closing argument. The defendant contends that it was a comment on his failure to testify. The comment is quoted below:
 "MR. HARRISON (Assistant District Attorney): Now, he says that the Defendant asked him for the telephone number of Tom Haas. Now, this was on the cross examination, and then I think on redirect, from the statement of five . . . almost five years ago, in June of 1976, when the notes he had made about that same time or shortly thereafter. Mr. Haas (defense counsel) brought 'em out and said well, who got the phone number, who dialed the number or who looked up the number or whatever. He gets this other information — it says Tom, looked up the phone number of Tom . . . the residence of Tom Haas on that Saturday, was asked to look up that telephone number. Now, have you heard any testimony that Sergeant Gill did not do that? Have you heard one word that Sergeant Gill did not do that?"
(Emphasis added).
We note that the defendant did not initially object to the comment, but rather requested to be heard by the trial court off the record. After the jury had been sent to deliberate, the defendant stated for the record the substance of the off-the-record discussion, which revealed that he had moved for a mistrial based upon the above quoted comment. The motion was denied. The trial judge gave his approval to the defendant's rendition of the off-the-record discussion.
It is clear that the above comment can only be construed as a comment on the failure of the defendant to testify. The only witnesses to the telephone call and the surrounding circumstances were the defendant and Sergeant Gill. No other person but the defendant could refute the testimony of Sergeant Gill concerning the circumstances of the telephone conversation with his attorney. Such amounts to reversible error unless the trial court takes proper action to eradicate its harmful effect. Whitt v. State, 370 So.2d 736 (Ala. 1979); Robinson v.State, 352 So.2d 11 (Ala.Cr.App.), cert. denied, 352 So.2d 15
(Ala. 1977).
We distinguish this situation from those where the prosecutor's comment is to the effect that the State's evidence is uncontradicted or refers to the failure of the defendant to put on any evidence. Griffin v. State, 393 So.2d 523
(Ala.Cr.App. 1981).
In the instant case, the defendant himself is the only person who can contradict or deny the State's evidence. Thus, the remark must be regarded as a comment upon his failure to testify. Thompson v. State, 382 So.2d 1184 (Ala.Cr.App. 1980);Diamond v. State, 363 So.2d 109 (Ala.Cr.App. 1978); Robinson, supra.
No remedial measures were taken by the trial court to cure this error. Whitt, supra. Consequently, reversible error occurred. Meade v. State, 381 So.2d 656 (Ala.Cr.App.), cert. denied, 381 So.2d 659 (Ala. 1980). *Page 187 
 III
While we seriously question the use of the self-verifying detail test to satisfy both the basis of knowledge prong and the veracity prong of Aguilar v. Texas, 378 U.S. 108,84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) (see Stanley v. State,19 Md. App. 507, 508, 313 A.2d 847 (1974); W. LaFave, 1 Search and Seizure, Section 3.3 at p. 546 (1978)), we need not reach the issue of the legality of the search and seizure presented by this case because of our finding that the defendant was denied a speedy trial.
Because the prosecutor commented upon the failure of the defendant to testify, this case must be reversed. Because the defendant was denied his right to a speedy trial, this case must be reversed and rendered.
REVERSED AND RENDERED.
All Judges concur.
[1] In Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988,18 L.Ed.2d 1 (1967), the right was established as "fundamental" and applicable to the States through the due process clause of the Fourteenth Amendment.